**Rudolph J. AGRAZ, Appellant**

v.

**Angela Denise CARNLEY, Appellee.**

**No. 05–03–01178–CV.**

Court of Appeals of Texas, Dallas.

Aug. 31, 2004.

---

Alma R. Benavides and Charles H. Robertson, Robertson & Railsback, Dallas, for Appellant.

Laura M. Hilliard, Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

In this restricted appeal, Rudolph J. Agraz (Father) seeks the reversal of the trial court's "Order in Suit to Modify Parent–Child Relationship" and remand of the

issues of the modification of child custody, child support, and attorney's fees. In his first issue, Father contends the face of the record reflects error because there is no evidence, or alternatively, factually insufficient evidence, to support the trial court's order to modify. Because Angela Denise Carnley (Mother) failed to present evidence to support her material allegations, we reverse the trial court's order to modify and render judgment that Mother take nothing.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother were divorced in 1996. Father was appointed joint managing conservator of the parties' three minor children, A.K., C.J., and C.L., with the right to determine their primary residence. The children lived with Father. Although several modifications occurred, Father remained the parent with primary possession of the children and the right to determine their primary residence.

On March 19, 2003, Mother filed a "Petition to Modify Parent–Child Relationship." The petition stated that the order to be modified was the "Agreed Order in Suit to Modify Parent–Child Relationship" that was rendered on January 26, 2000.[1] Mother alleged that (1) the circumstances of the children, joint managing conservator, or other party affected by the order to be modified have materially and substantially changed since that order was rendered, and Mother's appointment as joint managing conservator with the right to establish the children's primary residence would be a positive improvement for them; (2) C.J., who was twelve years old, had filed a writing in the trial court naming Mother as his choice for managing conservator, and Mother's appointment is in the child's best interest; (3) the children's present living environment may endanger their physical health or significantly impair their emotional development, and the appointment of Mother as joint managing conservator with the exclusive right to establish the children's primary residence would be a positive improvement for and in their best interest. Mother requested orders for child support and attorney's fees.

Citation was served upon Father and returned to the court. Father did not answer. The trial court heard the petition on May 20, 2003. Father did not appear. The only evidence offered was Mother's testimony. Pertinent to the allegations in her petition, she was questioned by her counsel as follows:

Q: Are you asking this Court to appoint you and [Father] joint managing conservators?

A: Yes.

Q: Are you also asking this Court award you the exclusive right to establish the primary residence of the children?

A: Yes.

Q: Do you believe that it is in the best interest that you have the right to establish that primary residence?

A: Yes.

Q: Okay. And why do you believe that?

A: He basically is not raising them. He doesn't come home until after they're in bed at night, is not participating in any way in their raising.

Q: Are you asking this Court to order [Father] to pay $333.22 per month in child support?

A: Yes.

Q: Is [Father] employed?

A: Yes.

Q: Do you know what he does?

---

1. This order is not in the record on appeal.

A: He is a manager for a tire company.

Q: Okay. And is the—do you know how much he earns per month?

A: I don't.

Q: Okay. Is the $333.22 an affordable amount for [Father]?

A: Yes.

Q: Do you believe that $333.22 per month could be below guidelines [for] child support?

A: I'm sure it is, yes.

Q: Is that the amount you have actually, you have actually been paying in child support?

A: That's correct.

Q: Are you asking this Court to allow [Father] access and possession to the children according to the standard possession order?

A: Yes.

Q: Do you think this change in conservatorship is in the children's best interest?

A: Yes.

In addition, the court asked Mother whether there was family violence between Mother and Father, to which Mother replied, "No."

The trial court's order states that the court "finds that the prior order should be modified according to the material allegations stated in the petition." The trial court ordered that Mother, as joint managing conservator, should have the exclusive right to establish the children's primary residence, provided that Father should pay child support of $333.22 per month, provided for possession and access, and awarded attorney's fees and expenses for trial and appeal to Mother's attorney. No findings of fact and conclusions of law were requested or filed.

Father filed a notice of restricted appeal. He also filed a "Motion to Suspend Judgment Being Appealed, and in the Alternative, Motion for Temporary Orders Pending Appeal." Following a hearing on this motion, the trial court suspended its earlier order.

### DEFAULT JUDGMENT IN CUSTODY MODIFICATION SUIT

*Elements of Restrictive Appeal*

■ In a restricted appeal, which is a direct attack on a judgment, a party who did not participate at the hearing resulting in the complained-of judgment may appeal. TEX.R.APP. P. 30. The requirements of a restricted appeal are (1) a notice of appeal must be filed within six months of the date of the judgment (2) by a party to the suit (3) who did not participate at trial, and (4) the error complained of must be apparent from the face of the record. TEX. RS.APP. P. 26.1(c), 30. Each element is mandatory and jurisdictional and cannot be waived. *Osteen v. Osteen*, 38 S.W.3d 809, 812 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

■ We review the granting of a default judgment for an abuse of discretion. *Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex.App.-San Antonio 1999, no pet.), *disapproved of on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex.2003). If a court acts without reference to any guiding rules and principles or acts arbitrarily and unreasonably, then it has abused its discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Here, Father meets easily the first three requirements respecting a restricted appeal: (1) he is a party to the suit (2) who filed a notice of restricted appeal on August 5, 2003, which is within six months of May 30, 2003, the date of the trial court's order of modification, and (3) he failed to appear at the hearing on Mother's petition to modify. The issue facing us is whether

Father meets the fourth element, i.e., is the error of which Father complains apparent from the face of the record. In his first issue on appeal, Father argues error is apparent from the face of the record because there is no evidence, or, alternatively, insufficient evidence, to support the trial court's order regarding modification of child custody, the amount of child support, or the award of attorney's fees.

### Error Apparent from the Face of the Record—Burden of Proof for Prove Up of a Default

■ As a general rule, no evidence is required to support a default judgment because a defendant's failure to appear or answer is taken as an admission of the factual allegations in a plaintiff's petition. *Osteen*, 38 S.W.3d at 814 (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). However, the general rule is limited in a divorce case by section 6.701 of the family code, which provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM.CODE ANN. § 6.701 (Vernon 1998). Thus, if a respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *O'Neal v. O'Neal*, 69 S.W.3d 347, 349 (Tex.App.-Eastland 2002, no pet.); *Ratisseau v. Ratisseau*, 44 S.W.3d 695, 697 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd by agr.); *Osteen*, 38 S.W.3d at 814. Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal. *Osteen*, 38 S.W.3d at 814.

In *Considine v. Considine*, 726 S.W.2d 253 (Tex.App.-Austin 1987, no writ), the Austin Court of Appeals discussed the application of section 3.53 of the family code (the predecessor of section 6.701) to modification orders. The court of appeals acknowledged that there was no family code

provision relating to modification of prior orders comparable to section 3.53. Nevertheless, the court decided that the policy considerations underlying the section, which were applicable to original divorce judgments appointing conservators and setting support for and access to children, should obtain also in proceedings to modify like provisions of prior orders. *Id.* at 254. The court reasoned that the requirement of section 14.08 (the predecessor of section 156.101 regarding modification orders) for a hearing before modification impliedly required the admission and consideration of proof. This is a substantial difference from taking allegations of the motion for modification "as confessed for want of an answer." *Id.* (citing section 3.53).

■ Although section 156.101 regarding modification orders does not explicitly require a hearing, it requires proof of specific factors. Specifically, the version of section 156.101 applicable to this case provided that a court may modify an order or portion of a decree that provides the grounds for the appointment of a conservator of a child, the terms and conditions of conservatorship, or the possession of or access to a child, if modification would be in the "best interest of the child" and

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order;

(2) the child is at least 12 years of age and has filed with the court, in writing, the name of the conservator who is the child's preference to have the exclusive right to determine the primary residence of the child; or

(3) the conservator who has the exclusive right to establish the primary residence of the child has voluntarily relinquished the primary care and possession

of the child to another person for at least six months.

*See* Act of May 17, 2001, 77th Leg., R.S., ch. 1289, § 5, sec. 156.101, 2001 Tex. Gen. Laws 3108, 3108–09, *amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 19, sec. 156.101, 2003 Tex. Gen. Laws 2987, 2993 (current version at Tex. Fam. Code Ann. § 156.101 (Vernon Supp.2004)).[2] When the petitioner alleges any of these requirements, she must prove them by a preponderance of the evidence. *See Osteen,* 38 S.W.3d at 814; *Considine,* 726 S.W.2d at 255; *Davis v. Duke,* 537 S.W.2d 519, 521 (Tex.Civ.App.-Austin 1976, no writ).

 Mother argues that section 6.701 is a specific provision that applies only to divorce cases, not modification proceedings. Section 6.701 carves out an exception for divorce cases to the general rule as to default judgments regarding the admission of factual allegations in the petition by the defendant's failure to appear. *See Osteen,* 38 S.W.3d at 814. Mother relies on the principle of statutory construction that "when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class in concerned." *Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 496, 198 S.W.2d 879, 881 (1947); *see Nelson v. Tex. Employment Comm'n,* 290 S.W.2d 708, 711 (Tex.Civ. App.-Galveston 1956, writ ref'd) (same). We agree with this proposition, but conclude it does not apply here.

In this case, we are not concerned with a conflict between section 6.701 and the general rule as to default judgments. *See Sam Bassett Lumber Co.,* 145 Tex. at 496, 198 S.W.2d at 881 (holding that because statute making defense of limitation available in tax suits by school and road districts was specific enactment, it prevailed over another statute dealing with subject of defenses to tax suits generally); *Nelson,* 290 S.W.2d at 711 (holding that because provision disqualifying individual for unemployment benefits due to work stoppage because of labor dispute was specific, it prevailed over general provision stating purpose and intent of unemployment act to provide for individuals "unemployed through no fault of their own"). Instead, the issue is whether policy considerations underlying section 6.701, which specifically relates to divorce cases, also apply to modification suits. For the reasons put forward by the Austin Court of Appeals in *Considine,* we conclude that they do. Accordingly, we consider whether Mother met her burden to prove the allegations in her petition by a preponderance of the evidence.

### Standard of Review

 Most of the appealable issues in a family law case, including conservator-

---

**2.** Section 156.101 applies here, rather than section 156.102, because Mother's "Petition to Modify Parent–Child Relationship" was filed March 19, 2003, which is later than one year after the previous order was entered, which was January 26, 2000. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1289, § 6, sec. 156.102, 2001 Tex. Gen. Laws 3108, 3109, *amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 20, 2003 Tex. Gen. Laws 2987, 2993 (current version at Tex. Fam.Code Ann. § 156.102(a) (Vernon Supp.2004)).

Moreover, the 2001 version of section 156.101 applies here, rather than the 2003

amendment, because the trial court's order to modify was signed May 30, 2003, which was before September 1, 2003, the effective date of the 2003 amendment. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 23(a) & (g), 2003 Tex. Gen. Laws 2987, 2994 (providing that act is effective September 1, 2003 and changes made to section 156.101 "apply only to an action to modify an order in a suit affecting the parent-child relationship pending on the effective date of this Act or filed on or after that date").

ship and child support, are evaluated against an abuse of discretion standard. *Tate v. Tate,* 55 S.W.3d 1, 5–6 (Tex.App.-El Paso 2000, no pet.). In reviewing a trial court's exercise of discretion, legal and factual sufficiency of the evidence are not independent grounds of error, but are merely factors to be assessed in determining if the trial court abused its discretion. *Zieba v. Martin,* 928 S.W.2d 782, 786 (Tex. App.-Houston [14th Dist.] 1996, no writ). An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence or where some evidence of a substantial and probative character exists to support the trial court's division. *Id.*

■■■■ If findings of fact or conclusions of law are neither filed nor requested, the judgment of the trial court implies all necessary findings of fact to support it. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). When a reporter's record is brought forward, the legal and factual sufficiency of the implied findings may be challenged on appeal. *Id.* at 84. If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Id.* In determining a factual sufficiency question, we weigh and consider all the evidence in the record. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). If the evidence supporting the judgment of finding is so weak as to be clearly wrong and manifestly unjust, the judgment of finding must be set aside. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

### Discussion

The requirements of section 156.101 regarding modification of an order establishing conservatorship, possession, and access, effective at the time of this prove up, are set out above. Father challenges the trial court's implied findings that Mother met either or both subsections (1) and (2), as alleged in her petition.

■■■■ To prove that a material change in circumstances has occurred, the petitioner must demonstrate what conditions existed at the time of the entry of the prior order. *Considine,* 726 S.W.2d at 255. Once such conditions have been established, the petitioner must show what material changes have occurred in the intervening period. *Id.* Mother's evidence regarding change in circumstance was that Father "is not raising" the children and that he "doesn't come home until after they're in bed at night, is not participating in any way in their raising." She did not put forward any other reasons or facts why a change in custody was in the children's best interest. This testimony does not show prior conditions or material changes. Nor does this testimony support her allegations that the children's "present living environment may endanger the children's physical health or significantly impair the children's emotional development." We conclude Mother's testimony is no evidence of a material change in conditions. *See id.*

Next, we observe that there was no evidence as to Mother's allegation regarding C.J.'s written request, nor was C.J.'s written request submitted as evidence. We conclude that Mother failed to prove the allegations in her petition. *See id.* Accordingly, we resolve Father's no evidence issue as to custody in his favor.

■■■■ As to child support, we note that the trial court ordered Father to pay $333.22 per month as child support, the same amount Mother had been ordered to pay. Although there was evidence that this amount was below the statutory child support guidelines, there was no evidence regarding the best interests of the children or any factors the court may consider in

determining that application of the child support guidelines would be unjust or inappropriate under these circumstances. *See* TEX. FAM.CODE ANN. § 154.123 (Vernon 2002) (providing for child support payments in amounts different from guidelines if evidence rebuts presumption that application of guidelines is in best interest of child and justifies variance from the guidelines). Accordingly, we resolve Father's no evidence issue as to child support in his favor.

 Finally, the trial court ordered Father to pay an unstated amount of attorney's fees and expenses. There is no evidence in the record as to any payment of attorney's fees or expenses, their amount, or whether any attorney's fees and expenses were reasonable and necessary. *See Cluck v. Cluck,* 647 S.W.2d 338, 340 (Tex.App.-San Antonio 1982, writ dism'd) ("It is incumbent upon the party seeking recovery of attorney fees to prove that it is necessary to employ the attorney and the reasonableness of the attorney fee."). Accordingly, we resolve Father's no evidence issue as to attorney's fees in his favor.

### CONCLUSION

Because of our disposition of Father's issue regarding legal sufficiency, we further conclude that the trial court abused its discretion in ordering modification. Because of our disposition of this issue, we need not address the remaining issues regarding factual sufficiency and admission of evidence. We reverse the trial court's order to modify in its entirety and render judgment that Mother take nothing. *See Considine,* 726 S.W.2d at 256.