COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SELENE GIRON,


 Appellant,


v.



JESUS RICARDO GONZALEZ, JR.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00405-CV



Appeal from the


383rd Judicial District Court


of El Paso County, Texas 


(TC# 2004-AG2179) 



O P I N I O N 


 This is a restricted appeal from a trial court's default judgment granting a final decree of
divorce. Appellant Selene Giron failed to file an answer and failed to appear at trial. In three
issues, Ms. Giron complains that the trial court abused its discretion based on the lack of
evidence to support the trial court's judgment, which constitutes error apparent on the face of the
record. We affirm in part, reverse in part, and remand the case to the trial court.

BACKGROUND

 Selene Giron and Jesus Ricardo Gonzalez, Jr. were married in September 1999. There
are two minor children from the marriage, ages four and seven. The couple separated in October
2003. On March 31, 2004, Ms. Giron and Mr. Gonzalez participated in a negotiation conference
with the Texas Attorney General's Child Support Division and subsequently entered into an
agreed child support review order. On April 5, 2004, the trial court signed the agreed order. 
Under the terms of the order, Ms. Giron and Mr. Gonzalez were appointed joint managing
conservators of the children, with Ms. Giron designated as the conservator with the exclusive
right to determine the children's primary residence. Mr. Gonzalez was ordered to pay child
support and to provide cash medical support for health insurance. The order provided for
standard possession and access schedule for a child under three, modified.

 On September 2, 2004, Mr. Gonzalez filed an original petition for divorce. The divorce
petition was filed in the same court and cause number as the agreed order. According to his
divorce petition, Ms. Giron was residing in Cleveland, Ohio. As grounds for divorce,
Mr. Gonzalez alleged insupportability, cruelty, and adultery. The petition stated, "[t]here is a
court-ordered conservatorships [sic], or other court-ordered relationships affecting the children
the subject of this suit in cause number 2004-AG2179." Mr. Gonzalez requested appointment as
sole managing conservator, alleging that appointment of himself and Ms. Giron as joint
managing conservators would not be in the best interest of the children. Mr. Gonzalez also
requested that Ms. Giron be ordered to make child support payments and provide medical child
support. Mr. Gonzalez alleged a history of child neglect against the children and requested that
the court deny Ms. Giron access or alternatively supervised visitation in its possession order. 
Mr. Gonzalez also requested permanent injunctions against Ms. Giron and her mother, Maria
Apodaca, who Mr. Gonzalez claimed had the children and was refusing to give him assess to and
possession of them.

 The trial court entered a temporary restraining order against Ms. Giron and Ms. Apodaca
on September 13, 2004. Inter alia under the order, Ms. Giron and Ms. Apodaca were restrained
from removing the children from El Paso, El Paso County, Texas pending a hearing before the
court and from hiding or secreting the children from Mr. Gonzalez or changing the children's
current abode. On September 24, the trial court granted Mr. Gonzalez's motion to extend the
temporary restraining order. On October 13, 2004, Ms. Giron was served with the divorce
petition in Cleveland, Ohio. For reasons unknown, Ms. Giron failed to file an answer. On
May 3, 2005, the trial court gave notice of its intent to dismiss for want of prosecution.

 On July 1, 2005, the trial court held a final hearing on the divorce. The August 2, 2005
final decree of divorce recites that Ms. Giron, "although duly and properly cited, did not appear
and wholly made default." Following the hearing, the trial court signed a default final decree of
divorce in this case, in which it granted Mr. Gonzalez a divorce on the grounds of
insupportability, adultery, and cruelty; found that it was in the best interest of the children to
appoint Mr. Gonzalez as sole managing conservator with the exclusive right to designate the
children's primary residence and to appoint Ms. Giron as possessory conservator; suspended
Ms. Giron's visitation privileges until she completes the C.O.P.E. program and has petitioned the
court for access to and possession of the children; found that there was zero retroactive child
support owed by Mr. Gonzalez as of June 30, 2005; ordered Ms. Giron to pay $200 per month in
child support for both children; and granted a permanent injunction against Ms. Giron and
Ms. Apodaca. Ms. Giron filed her notice of restricted appeal on December 21, 2005.

 On April 13, 2007, the parties filed an agreed order for access and possession. On
April 10, 2007, the trial court signed the agreed order which states that Ms. Giron has
substantially complied with the requirement of completing the C.O.P.E. program pursuant to the
August 2, 2005 default divorce decree, removes the suspension on Ms. Giron's possession rights,
and provides a customized standard possession order.

RESTRICTED APPEAL

 To prevail in a restricted appeal, an appellant must show: (1) she filed the notice of the
restricted appeal within six months after the judgment or order appealed from was signed; (2) she
was a party to the underlying suit; (3) she did not timely file a post-judgment motion or request
for findings of fact and conclusions of law, or notice of appeal; (4) she did not participate, either
in person or through counsel, in the actual trial of the case; and (5) the error complained of must
be apparent from the face of the record. See Tex.R.App.P. 26.1(c), 30; Norman Communications
v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); Wright Bros. Energy, Inc. v. Krough, 67
S.W.3d 271, 273 (Tex.App.--Houston [1st Dist.] 2001, no pet.). The parties do not dispute that
Ms. Giron satisfies the first four criteria. The disputed issue is whether there is trial court error
apparent from the face of the record.

ERROR APPARENT ON THE FACE OF THE RECORD

 In Issue One, Ms. Giron argues the trial court abused its discretion because the evidence
at trial was legally and factually insufficient to support the judgment's modification of the
conservatorship designation in the parties' prior agreed child support review order. In Issue Two,
Ms. Giron also argues that the evidence was legally and factually insufficient to support the trial
court's judgment regarding the grounds for divorce, conservatorship, child support, medical
support, and permanent injunctions. In her final issue, Ms. Giron complains that the trial court
abused its discretion in finding that Mr. Gonzalez, Jr. owed no child support to her based on the
prior child support order. We will consider Ms. Giron's issues together.

 Most of the appealable issues in a family law case are evaluated against an abuse of
discretion standard. Sandone v. Miller-Sandone, 116 S.W.3d 204, 205 (Tex.App.--El Paso 2003,
no pet.); Tate v. Tate, 55 S.W.3d 1, 5-6 (Tex.App.--El Paso 2000, no pet.). Where sufficiency
review overlaps the abuse of discretion standard, however, we engage in a two-pronged inquiry: 
(1) Did the trial court have sufficient information upon which to exercise its discretion; and (2)
Did the trial court err in its application of discretion? Sandone, 116 S.W.3d at 206. The
traditional legal sufficiency review comes into play with regard to the first question. Sandone,
116 S.W.3d at 206. We then must proceed to determine whether, based on the elicited evidence,
the trial court made a reasonable decision. Id. In other words, we must conclude that the trial
court's decision was neither arbitrary nor unreasonable. Id.; see also Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).

 In reviewing a legal sufficiency challenge where the complaining party on appeal did not
bear the burden of proof at trial, we analyze the issue as a "no-evidence" challenge. Croucher v.
Croucher, 660 S.W.2d 55, 58 (Tex. 1983). A legal sufficiency challenge may only be sustained
when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence offered to prove a
vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the
evidence establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v.
Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040, 119 S.Ct. 1336, 143
L.Ed.2d 500 (1999).

 In this case, Mr. Gonzalez was the only witness to testify and his testimony consists of
less than four pages of the record. No other evidence was admitted. The following is
Mr. Gonzalez's testimony in its entirety:

 Q. Would you state your name for the record.


 A. My name is Jesus Ricardo Gonzalez, Jr.


 Q. You are married to Selene Giron, correct?


 A. Yes.


 Q. Now, you are aware of how she spells her name, correct?


 A. Yes.


 Q. And what is the proper spelling?


 A. S-E-L-E-N-E.


 Q. And you and her were married, correct?


 A. Yes.


 Q. At the time that you filed the petition for divorce, had you lived in the
State of Texas for six months?


 A. Yes.


 Q. And El Paso County 90 days?


 A. Yes.


 Q. You've alleged your marriage to Selene Giron has become insupportable
because there's discord and conflict of personalities between you and her
that destroys the marriage relationship?


 A. Yes.


 Q. Is there any reasonable expectation that you are going to reconcile?


 A. No.


 Q. Of this marriage -- there are two children born of this marriage, correct?


 A. Yes.


 Q. What are their names and ages?


 A. [T.A.G.], she's five years old, and [L.M.G.], she's three years old.


 Q. And you're asking the Court to appoint you sole managing conservator of
these children?


 A. Yes.


 Q. Your wife knows where the children are at?


 A. Yes, she knows.


 Q. And they're in your possession?


 A. Yes.


 Q. Has she made any contact -- any efforts to contact the children?


 A. She calls.


 Q. And does she talk to the kids?


 A. Yes, I let her speak to kids [sic].


 Q. Have you attended Helping Children Cope With Divorce?


 A. Yes.


 Q. And do you know whether your wife has attended?


 A. No, I do not know.


 Q. You are asking the Court to suspend any visitation until such time as she
completes the Cope program?


 A. Yes.


 Q. The provisions of -- the proposed decree has provisions for child support?


 A. Yes.


 Q. Correct?


 A. Yes.


 Q. And it has provisions for visitation?


 A. Uh-huh.


 Q. Health insurance -- are the children covered by health insurance?


 A. Well, I pay for it on the child support.


 Q. But do they have health insurance?


 A. No -- at this time, I'm not certain because they were living with their
mother in Ohio, so I really don't know.


 Q. In terms of property, was there any property accumulated?


 A. No.


 Q. And each one is going to pay whatever debts you have in your name.


 A. Yes.


 Q. Other than these two children, do you know whether she was pregnant,
expecting a child at this time?


 A. Really, I don't know.


 Q. But as far as you're concerned, she wasn't pregnant with any of your
children?


 A. Oh, no.


 Q. And no other child was adopted?


 A. No. 


 Q. Today you're asking the Court to approve -- to grant your petition for
divorce?


 A. Yes.


 The Court: And as I understand it, you-all are going to nonsuit the
cause of action against the third-party respondent, Maria
Apodaca?


 [Plaintiff's counsel]: Right.


 The Court: Sir, how long have the children been living with you?


 Mr. Gonzalez: For two weeks.


 The Court: Anything else at this time?


 [Plaintiff's counsel]: No, Your Honor.


 The Court: I do recommend to the referring court this divorce be
granted effective today's date. 

 Good luck to you, sir. 


 A petition for divorce may not be taken as confessed if the respondent does not file an
answer. See Tex.Fam.Code Ann. § 6.701 (Vernon 2006). The statute requires the petitioner to
present proof to support the material allegations in the petition despite a respondent's failure to
answer. Sandone, 116 S.W.3d at 207; O'Neal v. O'Neal, 69 S.W.3d 347, 349 (Tex.App.--Eastland 2002, no pet.). Likewise, in an appeal from a default judgment modifying an order
establishing conservatorship or possession and access, the movant must prove up the required
allegations to modify the existing suit affecting and establishing the parent-child relationship
("SAPCR"). Agraz v. Carnley, 143 S.W.3d 547, 552 (Tex.App.--Dallas 2004, no pet.);
Considine v. Considine, 726 S.W.2d 253, 254 (Tex.App.--Austin 1987, no pet.).

 Under Section 6.406 of the Texas Family Code, any suit for dissolution of a marriage
where the parties are the parents of a child, must include a SAPCR. See Tex.Fam.Code Ann.
§ 6.406(b); Diaz v. Diaz, 126 S.W.3d 705, 707 (Tex.App.--Corpus Christi 2004, no pet.)(default
judgment void where petitioner failed to join mandatory SAPCR). In this case, Mr. Gonzalez
referenced the existing agreed order, asked to be named the sole managing conservator of the
children, and filed his petition in the same cause number of the existing SAPCR action. In effect,
Mr. Gonzalez incorporated the existing agreed order in his divorce pleading and further
requested a modification of the parties' existing agreed order with regard to conservatorship and
support. Therefore, Mr. Gonzalez was required to allege the requisite statutory grounds for
modification under Chapter 156. Specifically, under Section 156.101, the court may modify an
order that provides for the appointment of a conservator of a child, that provides the terms and
conditions of conservatorship, or that provides for the possession of or access to a child if
modification would be in the best interest of the child and:

 (1) the circumstances of the child, a conservator, or other party affected by the
order have materially and substantially changed since the earlier of:


 (A) the date of the rendition of the order; or


 (B) the date of the signing of a mediated or collaborative law
settlement agreement on which the order is based;


. . .



 (3) the conservator who has the exclusive right to designate the primary
residence of the child has voluntarily relinquished the primary care and
possession of the child to another person for at least six months.


See Tex.Fam.Code Ann. § 156.101(1), (3)(Vernon Supp. 2006).

 Further, because Mr. Gonzalez sought to modify the designation of the person having the
exclusive right to designate the primary residence of the children and he filed his suit within one
year of the date of the agreed order, he was also required to execute and attach an affidavit that
contains one of the following allegations, along with supporting facts:

 (1) that the child's present environment may endanger the child's physical
health or significantly impair the child's emotional development;


 (2) that the person who has the exclusive right to designate the primary
residence of the child is the person seeking or consenting to the
modification and the modification is in the best interest of the child; or


 (3) that the person who has the exclusive right to designate the primary
residence of the child has voluntarily relinquished the primary care and
possession of the child for at least six months and the modification is in
the best interest of the child.


See Tex.Fam.Code Ann. § 156.102(b).

 Mr. Gonzalez wholly failed to allege any of the requisite statutory elements under
Sections 156.101 and 156.102 in his pleading. As important, the record in this case shows a
complete absence of evidence to support modification of the existing agreed order nor was there
any evidence that modifying that agreed order was in the children's best interest. By modifying
the existing agreed order without any evidence to support the modification, the trial court erred,
and that error is apparent on the face of the record.

 Furthermore, even if, as Mr. Gonzalez claims, his lawsuit was an original petition for
divorce and not a motion to modify the parent-child relationship, he presented no evidence at
trial to rebut the presumption that the appointment of both parents as joint managing conservators
was in the best interest of the children. See Tex.Fam.Code Ann. § 153.131(b)(Vernon 2002)("It
is a rebuttable presumption that the appointment of the parents of a child as joint managing
conservators is in the best interest of the child."). Therefore, the trial court, at a minimum,
abused its discretion in awarding Mr. Gonzalez sole managing conservatorship with the right to
establish the primary residence of the children on the basis of such a bare record. We also find a
total lack of evidence to support the trial court's order that Ms. Giron to pay child support in the
amount of $200 per month or medical support and likewise there was no evidence to support the
permanent injunction against Ms. Giron. (1) In addition, we find the trial court abused its discretion
by finding that Mr. Gonzalez's child support arrearages were zero, thereby granting
Mr. Gonzalez relief that he never requested in his pleading. See Cunningham v. Parkdale Bank,
660 S.W.2d 810, 813 (Tex. 1983)(a party may not be granted relief in the absence of pleadings to
support that relief, absent trial by consent). Finally, Mr. Gonzalez presented no evidence to
support the trial court's finding as grounds for divorce that Ms. Giron was guilty of cruel
treatment or that she had committed adultery.

 After reviewing Ms. Giron's no-evidence challenge, we conclude the trial court abused its
discretion because the evidence at trial was legally insufficient to support the trial court's
judgment regarding two of the three grounds for divorce, conservatorship, child support, medical
support, and the permanent injunction against Ms. Giron. Further, error is also apparent on the
face of the record because the trial court granted Mr. Gonzalez relief not requested in his
pleading. Because we find the evidence was legally insufficient, we do not reach Ms. Giron's
factual sufficiency challenge. Issues One, Two, and Three are sustained.

 Ms. Giron does not dispute the trial court's findings in the divorce action that
Mr. Gonzalez established compliance with the requisite residency and domicile requirements for
divorce, the ground of insupportability, or the fact that no community property or debt existed
that needed to be divided or apportioned between the parties. See Tex.Fam.Code Ann.
§§ 6.001, 6.301, 7.001 (Vernon 2006). Therefore, we affirm that part of the trial court's
judgment granting the divorce on the ground of insupportability, the property division, and the
apportionment of community indebtedness. In all other respects, the trial court's judgment is
reversed and remanded to the trial court for further proceedings on the SAPCR issues.



September 27, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. According to the record, Mr. Gonzalez nonsuited his claim against third-party
respondent Maria Apodaca. However, the default final decree of divorce grants Mr. Gonzalez's
request for a permanent injunction against Ms. Apodaca. Ms. Apodaca is not a party to this
appeal, therefore we do not reach the issue of whether the trial court abused its discretion with
regard to its permanent injunction against her.