In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00062-CV

                                                ______________________________

 

 

 

                   IN THE INTEREST OF M.A. AND H.L.A.,
CHILDREN

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 09C0927-102

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            This
is an appeal of a final order in a suit affecting the parent-child relationship
brought by Ashley Thomas, the mother of M.A. and H.L.A., minor children.  Michael and Sandra Garrett (who characterize
themselves in trial court pleadings as the children’s “Godgrandparents”) filed
a petition seeking to be appointed nonparent joint managing conservators.  In their pleadings, the Garretts alleged that
they had the actual care, control, and possession of the children for a period
exceeding ninety days before the suit was filed.  After a hearing, the trial court signed a
final order finding the allegations in the Garretts’ petition to be true,
appointing the Garretts nonparent joint managing conservators, appointing
Thomas possessory conservator, and ordering Thomas’ visitation to be both
restricted and supervised.  Thomas timely
filed a notice of appeal. 

            In
her pro se brief, Thomas states she filed an appeal because of the “lack of
witnesses” and the fact that “none of my [accomplishments] or effort in trying
to have my children home” were presented to the trial court.  We have construed Thomas’ briefing as a
complaint that the trial court abused its discretion in appointing the Garretts
as joint managing conservators and challenging the sufficiency of the evidence
to support the trial court’s implied findings. 
The Garretts failed to timely file an appellees’ brief.  See
Tex. R. App. P. 38.6.  After giving the Garretts notice, we set this
cause for submission without an appellees’ brief.

            Section
153.131 of the Texas Family Code creates a rebuttable presumption that the
appointment of the parents as managing conservators is in the best interest of
the child.  Tex. Fam. Code Ann. § 153.131(a) (Vernon 2008); In re M.T.C., 299 S.W.3d 474, 481 (Tex.
App.––Texarkana 2009, no pet.).  Although
Section 153.372 authorizes a trial court to appoint nonparents as joint
managing conservators if such an appointment is in the best interest of the
child,[1]
Section 153.131 provides:

[U]nless the court finds that appointment of the
parent or parents would not be in the best interest of the child because the
appointment would significantly impair the child’s physical health or emotional
development, a parent shall be appointed sole managing conservator or both
parents shall be appointed as joint managing conservators of the child.

 

Tex.
Fam. Code Ann. § 153.131(a).  “[I]n
an original proceeding for a conservatorship determination, even ‘evidence that
the nonparent would be a better custodian’ is insufficient to support the
appointment of a nonparent as managing conservator in preference to a parent.”  M.T.C.,
299 S.W.3d at 481 (quoting Lewelling v.
Lewelling, 796 S.W.2d 164, 167 (Tex. 1990)).  “Rather, the nonparent is required to ‘affirmatively
prove by a preponderance of the evidence that appointment of the parent as
managing conservator would significantly
impair the child, either physically or emotionally.’”  Id.
(quoting Lewelling, 796 S.W.2d at
167).

            We
further note the trial court made no explicit finding that the appointment of
Thomas as a managing conservator would significantly impair the child, either
physically or emotionally.  On the other
hand, Thomas did not request the trial court to issue findings of fact or
conclusions of law.[2]  This Court has recognized that when no
findings of fact or conclusions of law are requested or filed, “it is therefore
implied the trial court made all the findings necessary to support its
judgment.”  In re Naylor, 160 S.W.3d 292, 294 (Tex. App.––Texarkana 2005, pet.
denied); see Agraz v. Carnley, 143 S.W.3d 547, 554 (Tex. App.––Dallas 2004, no
pet.).  

            A
trial court’s order regarding conservatorship
is reviewed under an abuse of discretion standard.  In re J.A.J.,
243 S.W.3d 611, 616 (Tex. 2007); Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982).  A trial court abuses
its discretion if it acts arbitrarily and unreasonably or without reference to
any guiding principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).  The legal and factual sufficiency of the
implied findings may be challenged on appeal. 
Agraz, 143 S.W.3d at 554.  A finding that the appointment of a parent as
managing conservator would significantly impair the child’s physical health or
emotional development is governed by a preponderance-of-the-evidence
standard.  Tex. Fam. Code Ann. § 105.005 (Vernon 2008); J.A.J., 243 S.W.3d at 616.

            Further,
Thomas has not provided this Court with a reporter’s record for this
appeal.  If the record is incomplete and
the appellant has not complied with Tex.
R. App. P. 34.6(c), the appellate court must presume that the omitted
evidence supports the judgment or order from which the appeal is taken.  In re
Estate of Arrendell, 213 S.W.3d 496, 503 (Tex. App.––Texarkana 2006, no
pet.); see Bennett v. Cochran, 96
S.W.3d 227, 230 (Tex. 2002); Schafer v.
Conner, 813 S.W.2d 154, 155 (Tex. 1991). 
We are unable to conclude the trial court abused its discretion.  Thomas’ issues are overruled.

            For
the reasons stated, we affirm the judgment of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          November
18, 2010

Date Decided:             November
19, 2010











[1]Tex. Fam. Code Ann. § 153.372(a) (Vernon
2008).

 





[2]Findings
of fact “shall not be recited in a judgment,” but are required to be filed
separately.  Tex. R. Civ. P. 299a. “The legislature made it clear in
enacting the family code that, unless expressly provided otherwise, suits
affecting the parent-child
relationship are to be governed by the same rules of procedure as those
generally applied to other civil cases.”  In re E.A.C., 162 S.W.3d 438, 442 (Tex.
App.––Dallas 2005, no pet.) (citing Tex.
Fam. Code Ann. § 109.002(a) (Vernon 2008)).