

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00062-CV

_____

IN THE INTEREST OF M.A. AND H.L.A., CHILDREN

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 09C0927-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

This is an appeal of a final order in a suit affecting the parent-child relationship brought by Ashley Thomas, the mother of M.A. and H.L.A., minor children. Michael and Sandra Garrett (who characterize themselves in trial court pleadings as the children's "Godgrandparents") filed a petition seeking to be appointed nonparent joint managing conservators. In their pleadings, the Garretts alleged that they had the actual care, control, and possession of the children for a period exceeding ninety days before the suit was filed. After a hearing, the trial court signed a final order finding the allegations in the Garretts' petition to be true, appointing the Garretts nonparent joint managing conservators, appointing Thomas possessory conservator, and ordering Thomas' visitation to be both restricted and supervised. Thomas timely filed a notice of appeal.

In her pro se brief, Thomas states she filed an appeal because of the "lack of witnesses" and the fact that "none of my [accomplishments] or effort in trying to have my children home" were presented to the trial court. We have construed Thomas' briefing as a complaint that the trial court abused its discretion in appointing the Garretts as joint managing conservators and challenging the sufficiency of the evidence to support the trial court's implied findings. The Garretts failed to timely file an appellees' brief. *See* TEX. R. APP. P. 38.6. After giving the Garretts notice, we set this cause for submission without an appellees' brief.

Section 153.131 of the Texas Family Code creates a rebuttable presumption that the appointment of the parents as managing conservators is in the best interest of the child. TEX.

2

FAM. CODE ANN. § 153.131(a) (Vernon 2008); *In re M.T.C.*, 299 S.W.3d 474, 481 (Tex. App.—Texarkana 2009, no pet.). Although Section 153.372 authorizes a trial court to appoint nonparents as joint managing conservators if such an appointment is in the best interest of the child,[1] Section 153.131 provides:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

TEX. FAM. CODE ANN. § 153.131(a). "[I]n an original proceeding for a conservatorship determination, even 'evidence that the nonparent would be a better custodian' is insufficient to support the appointment of a nonparent as managing conservator in preference to a parent." *M.T.C.*, 299 S.W.3d at 481 (quoting *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990)). "Rather, the nonparent is required to 'affirmatively prove by a preponderance of the evidence that appointment of the parent as managing conservator would *significantly impair* the child, either physically or emotionally.'" *Id.* (quoting *Lewelling*, 796 S.W.2d at 167).

We further note the trial court made no explicit finding that the appointment of Thomas as a managing conservator would significantly impair the child, either physically or emotionally. On the other hand, Thomas did not request the trial court to issue findings of fact or conclusions of

---

[1] TEX. FAM. CODE ANN. § 153.372(a) (Vernon 2008).

3

law.[2]   This Court has recognized that when no findings of fact or conclusions of law are requested or filed, "it is therefore implied the trial court made all the findings necessary to support its judgment." *In re Naylor*, 160 S.W.3d 292, 294 (Tex. App.—Texarkana 2005, pet. denied); *see Agraz v. Carnley*, 143 S.W.3d 547, 554 (Tex. App.—Dallas 2004, no pet.).

A trial court's order regarding conservatorship is reviewed under an abuse of discretion standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The legal and factual sufficiency of the implied findings may be challenged on appeal. *Agraz*, 143 S.W.3d at 554. A finding that the appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard. TEX. FAM. CODE ANN. § 105.005 (Vernon 2008); *J.A.J.*, 243 S.W.3d at 616.

Further, Thomas has not provided this Court with a reporter's record for this appeal. If the record is incomplete and the appellant has not complied with TEX. R. APP. P. 34.6(c), the appellate court must presume that the omitted evidence supports the judgment or order from which the appeal is taken. *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no

---

[2]Findings of fact "shall not be recited in a judgment," but are required to be filed separately. TEX. R. CIV. P. 299a. "The legislature made it clear in enacting the family code that, unless expressly provided otherwise, suits affecting the parent-child relationship are to be governed by the same rules of procedure as those generally applied to other civil cases." *In re E.A.C.*, 162 S.W.3d 438, 442 (Tex. App.—Dallas 2005, no pet.) (citing TEX. FAM. CODE ANN. § 109.002(a) (Vernon 2008)).

pet.); *see Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). We are unable to conclude the trial court abused its discretion. Thomas' issues are overruled.

For the reasons stated, we affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     November 18, 2010
Date Decided:       November 19, 2010