**Affirmed in part; Reversed and Remand in part and Opinion Filed May 2, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00505-CV**

**IN THE INTEREST OF M.B.G. AND A.T.G., CHILDREN**

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-56348-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

Mother appeals the trial court's final decree of divorce. She argues the trial court abused its discretion because the evidence is legally and factually insufficient to support the division of martial property and to support certain orders regarding the children. She also argues the trial court abused its discretion by denying her motion for new trial.

We conclude the trial court abused its discretion to the extent it (1) divided the martial property, (2) ordered neither party to pay child support, and (3) denied Mother a new trial on the designation of Father as the joint managing conservator with the right to designate the primary residence within Collin County, Texas. We

reverse the judgment as to these issues and remand to the trial court for further proceedings. We affirm the judgment in all other respects.

## Background

Mother and Father married in 2005 and have two teenage children.[1] On October 26, 2022, Father filed a pro se petition for divorce using an internet form. An affidavit of service states the original petition for divorce was delivered in person to Mother on February 7, 2023. The record, however, does not reflect that Mother answered.

On March 8, 2023, the trial court conducted a prove-up hearing in which Father was represented by counsel. The trial court entered a divorce decree, stating Mother was properly served but "has wholly made default." Relevant to this appeal, the default decree (1) named Mother and Father joint managing conservators of the children with Father having the exclusive right to designate the children's primary residence within Collin County, Texas; (2) ordered that "no party will owe child support to the other party"; and (3) awarded Mother the marital residence, subject to the "Special Provisions Regarding Marital Residence."

On April 5, 2023, Mother filed a motion for new trial. After a hearing, the trial court denied the motion. This appeal followed.

---

[1] The record indicates one child has now reached the age of eighteen and is no longer subject to the divorce decree. The second child will turn eighteen in October 2024.

–2–

**New Trial**

Mother argues the trial court abused its discretion by denying her motion for new trial because she satisfied the elements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) (explaining party entitled to new trial if she demonstrates the failure to answer was not intentional or the result of conscious indifference, but was a mistake or an accident; she establishes a meritorious defense; and granting a new trial will not cause delay or injury to other party). She separately argues she is entitled to a new trial because Father's petition does not support the default judgment divorce to the extent it granted Father the exclusive right to designate the primary residence of the children and limited the geographic restriction to Collin County. Father did not file a response.

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Litman v. Litman*, 402 S.W.3d 280, 285 (Tex. App.—Dallas 2013, pet. denied). The trial court has broad discretion to grant or deny a new trial, and the trial court's action will not be disturbed on appeal unless the trial court acted in an arbitrary or unreasonable manner or without reference to guiding rules and principles. *Id.*

The first *Craddock* element, conscious indifference, is dispositive to part of our analysis. "Conscious indifference" involves behavior such as a "pattern of ignoring deadlines and warnings from the opposing party." *Levine v. Shackelford, Melton, & McKinley, L.L.P.*, 248 S.W.3d 166, 168–69 (Tex. 2008) (per curiam). It

–3–

includes "the failure to take some action which would seem indicated to a person of reasonable sensibilities under the same or similar circumstances." *Id.* at \*6 (quoting *Young v. Kirsch*, 814 S.W.2d 77, 81 (Tex. App.—San Antonio 1991, no writ)). The trial court may consider the knowledge and acts of the defaulting party in determining whether the failure to appear was due to intentional disregard or conscious indifference. *In Interest of A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at \*10 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.).

The movant has the burden to negate the existence of conscious indifference. *Id.* In contravention to the movant's case, the nonmovant may present evidence tending to show intentional or consciously indifferent conduct creating a fact question for the trial court to determine. *Id.* In acting as fact-finder, the trial court resolves conflicts in the evidence and is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *In Interest of J.O.A.*, No. 14-14-00968-CV, 2016 WL 1660288, at \*5 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op.).

In Mother's verified motion for new trial, she argued that after she received the divorce petition, Father told her to throw it away and wait to hear from his lawyer regarding mediation. She reached out to Father on several occasions for a status update, and he continued telling her to be patient while his lawyer gathered financials and other information. He told her that she did not need a lawyer and did not need to go to court unless she disagreed with getting a divorce. She alleged, "This was

–4–

the reason [Wife] never filed an answer or made an appearance, not because of conscious indifference or intent to not appear."

During the hearing on her motion, Mother again testified Father told her to throw away the documents, and they would go through mediation. Emails from January 2023 between Mother and Father's attorney were introduced during the hearing. In the first email, Mother was informed that George Crumley had been retained to represent Father. Crumley understood Father had provided Mother with a copy of the divorce petition filed on October 26, 2022, but asked whether she would be willing to sign a waiver of service. When Mother expressed confusion about the process, Crumley responded with an email explaining Father "filed the case for divorce already" and again asking whether Mother would execute the waiver of service for the October 2022 petition. In another email, Crumley asserted:

> I am not sure what you and [Father] previously talked about, but the petition is indeed valid. The filing of that petition DID open the case and it is now pending in court. . . . [I]t is most certainly legally valid, and it was effective from the moment it was filed. . . . For now, the petition is the only one on file. The case is already pending, and he does wish to move forward.

Mother admitted she never signed the waiver of service or answered but maintained it was because of her conversations with Father. These conversations, however, occurred before Mother exchanged emails with Crumley in which he clarified a petition was on file and some action was required on her part.

With conflicting evidence before it, the trial court was free to disbelieve Mother and resolve the evidentiary conflicts against her. *In Interest of J.O.A.*, 2016

–5–

WL 1660288, at *5. Thus, the trial court acted within its discretion by determining Mother acted with conscious indifference when she failed to answer the divorce petition after Father's attorney told her the petition was on file and Father was moving forward with the divorce. *See Levine*, 248 S.W.3d at 169 (pattern of ignoring warnings from opposing party shows conscious indifference); *see also In Interest of A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *10 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.) (knowledge and acts of defaulting party may be considered when determining if failure to answer was intentional). Because Wife did not meet her burden of proving the first *Craddock* prong, we overrule her third issue to the extent she argues she is entitled to a new trial addressing the entirety of the divorce decree.

We next consider Mother's separate argument that the trial court abused its discretion by awarding Husband more relief than requested. Because Texas is a "fair notice" state, which means that all parties are entitled to fair notice of a claim, a trial court may not grant relief to a person who has not requested such relief in a live pleading. *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding). Pleadings must provide fair notice of the claims asserted and allow the opposing party to ascertain the nature and basic issues of the controversy. TEX. R. CIV. P. 45; *Interest of S.M.G.*, No. 05-22-00937-CV, 2023 WL 3963992, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op.); *In re N.L.V.*, No. 04-09-00640-CV, 2011 WL 1734228, at *4 (Tex. App.—San Antonio May 4, 2011, no pet.) (mem.

–6–

op.). In determining whether a judgment conforms to the pleadings, we view the pleadings as a whole. *Interest of S.M.G.*, 2023 WL 3963992, at *2.

Father requested in his pro se petition for divorce that Mother and Father both be named joint managing conservators of the children, and "Neither parent should have the exclusive right to designate the primary residence of the child(ren) but both parents should be ordered not to move the child(ren) out of the following geographic area: this school district: Plano ISD." During the default prove-up hearing, Father asked the court to give him the exclusive right to designate the children's primary residence and limit the geographic area to Collin County. He indicated Mother had expressed "in the recent past some desire to possibly move away;" therefore, he thought it was in the children's best interest to keep the residence in Collin County so the children could finish high school.

The trial court's order does not conform to Father's requested relief and is erroneous. *See, e.g.*, *id.* (ordering child's last name to be hyphenated was erroneous when mother's petition did not request such relief). Further, Father's statement regarding Mother's alleged desire to "possibly move away," provided nothing more than speculation and was not evidence from which the trial court could determine Father should be given the exclusive right to designate the primary residence of the children within Collin County, Texas. We sustain Mother's third issue to the extent the trial court denied her a new trial on the designation of Father as the joint

managing conservator with the right to designate the primary residence within Collin County, Texas.[2]

## Property Division

In Mother's first issue, she argues the evidence is legally and factually insufficient to support the division of marital property.

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. When reviewing the trial court's property division, we look to whether the trial court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Evans v. Evans*, 14 S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Because the traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases, legal sufficiency is not an independent ground of error but is a relevant factor in our assessment of whether the trial court abused its discretion. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). In reviewing the evidence for legal sufficiency, we view the evidence in the light most favorable to the fact finding, credit favorable evidence if a reasonable trier of fact could do so, and disregard contrary evidence unless a

---

[2] During the motion for new trial hearing, Father conceded, "the Court [c]ould limit any grant of a new trial to the issues of the geographic restriction and primary."

–8–

reasonable trier of fact could not. *Id.*; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

Our analysis focuses on a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion?; and (2) Did the trial court abuse its discretion by causing the property division to be manifestly unjust or unfair? *Evans*, 14 S.W.3d at 346. A trial court abuses its discretion when it rules without supporting evidence. *Id.*

Although no evidence is generally required to support a default judgment, the general rule is limited in the divorce context by section 6.701 of the family code, which provides that "[i]n a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701; *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.). Rather, a petitioner is required to prove up the material allegations in the petition in order to obtain a default divorce. *Agraz*, 143 S.W.3d at 552; *see also Garcia*, 2020 WL 214758, at *1. Accordingly, a trial court abuses its discretion by awarding relief not supported by the pleadings or by rendering a decision without sufficient supporting evidence. *Garcia*, 2020 WL 214758, at *2; *cf. Schindler v. Schindler*, No. 13-16-00483-CV, 2018 WL 3151857, at *6 (Tex. App.—Corpus Christi-Edinburg 2018, no pet.) (mem. op.) (concluding wife's testimony, along with an exhibit based on her personal knowledge showing a proposed property division based on the values of

the community property and debts owed, was sufficient to support court's division of martial property).

During the prove-up hearing, Father requested the court to award Mother the marital residence and all the equity. When asked, "Approximately how much equity ownership do you believe that y'all have in the house?" Husband answered, "Oh, I would guess $400,000." He provided no further information regarding the residence and did not introduce any other evidence. Without documentation reflecting the home's appraisal or value, his testimony is nothing more than conclusory speculation regarding the value of the marital residence. Further, although he testified their finances had been "mostly separate" since their separation, he provided no documentation regarding assets, liabilities, or debts of the marital estate supporting his testimony.

Because the record does not contain any evidence regarding the value of the marital residence or the values of any other assets, liabilities, and debts of the marital estate, the trial court did not have legally sufficient evidence to award and order a "just and right" division of the martial property in the default divorce judgment. *See* TEX. FAM. CODE ANN. §7.001 ("court shall order a division of the estate of the parties in a manner the court deems just and right"); *see also O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.) (legally insufficient evidence to support property division when record contained no evidence of the value of any property divided by the court); *Agraz*, 143 S.W.3d at 552 (explaining petitioner is

required to prove up the material allegations in the petition to obtain a default divorce). Without sufficient information, the trial court abused its discretion in the division of the marital estate. *See Evans*, 14 S.W.3d at 346 (noting first step in abuse of discretion analysis is whether trial court had sufficient information upon which to exercise its discretion). We sustain Mother's first issue.

**Conservatorship, Possession and Access, and Child Support**

In her second issue, Mother broadly states the evidence is legally and factually insufficient to support the trial court's decisions regarding the best interests of the children for conservatorship, possession and access, and child support. However, she only challenges the trial court's determination that neither parent is required to pay child support. We limit our review accordingly.

In Father's pro se petition for divorce, he requested "the court to make appropriate orders for the financial support of the child(ren), including regular child support, medical support, dental support and, if supported by the evidence, retroactive child support." In the final decree, the trial court ordered that "no party will owe child support to the other party." The trial court's judgment does not conform to Father's requested relief and thus does not provide fair notice of the claims asserted. TEX. R. CIV. P. 45; *Interest of S.M.G.*, No. 05-22-00937-CV, 2023 WL 3963992, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op.); *In re N.L.V.*, No. 04-09-00640-CV, 2011 WL 1734228, at *4 (Tex. App.—San Antonio May 4, 2011, no pet.) (mem. op.).

Even if we construe his pleading broadly, meaning Father's request for the trial court to determine "appropriate orders for the financial support of the children" allowed the court to order that neither parent pay child support, we conclude the trial court abused its discretion because the evidence is legally insufficient to support the order.

We review a trial court's ruling on child support for a clear abuse of discretion. *In Interest of S.D.S.H.*, No. 05-15-00564-CV, 2016 WL 3398074, at *2 (Tex. App.—Dallas June 20, 2016, no pet.) (mem. op.). In determining whether the trial court abused its discretion because the evidence is insufficient, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *Id.*

During the prove-up hearing, the following exchange occurred:

Q. With respect to child support, you are asking the Court to enter an order today that neither party is required to pay the other side child support; is that correct?

A. Yes.

. . .

Q. Do you believe that all of the provisions regarding conservatorships, support, custody, or possession of the children are in their best interest?

A. Yes, I do.

There is a complete absence of any evidence regarding the financial position of either parent, and the record contains no further discussion regarding whether the order was in the children's best interest. While we are mindful the trial court is in the best

–12–

position to "observe the witnesses' demeanors and personalities and thus discern forces, powers, and influences not apparent by merely reading the record," the trial court needed more than the conclusory statement of one parent to support its conclusion that neither parent paying child support was in the best interests of the children. *See Niska v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). Accordingly, the trial court abused its discretion by ordering neither parent to pay child support. We sustain Mother's second issue.

## Conclusion

The trial court abused its discretion to the extent it (1) divided the martial property, (2) ordered neither party to pay child support, and (3) denied Mother a new trial on the designation of Father as the joint managing conservator with the right to designate the primary residence of the children within Collin County, Texas. We reverse the judgment as to these issues and remand to the trial court for further proceedings. We affirm the judgment in all other respects.

/Erin A. Nowell//
230505f.p05                    ERIN A. NOWELL
                               JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.B.G.
AND A.T.G., CHILDREN

No. 05-23-00505-CV

On Appeal from the 468th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 468-56348-
2022.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dividing the marital property, ordering neither party to pay child support, and designating Travis Jay Gardner as the joint managing conservator with the right to designate the primary residence in Collin County, Texas. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that Margaret Barah Gardner recover her costs of this appeal from Travis Jay Gardner.

Judgment entered this 2nd day of May, 2024.