**Nicole ALLMAN, Appellant,**

v.

**Kimberly Jewel BUTCHER, Appellee.**

No. 05–09–00191–CV.

Court of Appeals of Texas, Dallas.

June 9, 2010.

Sidney Palmer Childress, Albuquerque, NM, for Appellant.

Kimberly Bishop, Garland, TX, for Appellee.

Before Justices RICHTER, LANG and MURPHY.

## OPINION

Opinion By Justice RICHTER.

Appellant Nicole Allman appeals the trial court's judgment that she take nothing in her suit against Kimberly Jewel Butcher for breach of contract and violation of the Texas Deceptive Trade Practices Consumer Protection Act (DTPA). In two issues, Allman contends the evidence is not legally or factually sufficient to support the trial court's findings of fact and conclusions of law. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Allman owned a house in Rockwall, Texas. In 2004, she obtained employment in Albuquerque, New Mexico and needed to quickly sell her house so she could relocate. She contacted Jennifer Jones, the real estate agent who sold her the Rockwall house, who suggested she consider some of the creative options offered by Texas Home Options, LLC. Allman contacted Texas Home Options, spoke to Butcher, and on February 24, 2004, entered into an agreement with Texas Home Options, LLC. Allman believed that Texas Home Options would manage her Rockwall house, make the mortgage payments to her mortgagor, Wilshire Credit, and eventually sell the house for her. According to the contract, the purchase price for the house was the balance of the existing mortgages on the house.

As part of the transaction, Allman signed a One to Four Family Residential Contract (Resale) conveying her property to Texas Home Options, LLC and/or assigns (the contract); a Warranty Deed to Trustee in which Allman, as Grantor, conveyed the deed of her property to Capman, Inc., as Trustee of the Tangleglen Drive

2940 Trust; an Assignment of Beneficial Interest in Trust, in which Allman was Assignor and Chris Butcher was Assignee; Seller's Settlement Statement reflecting Allman as Seller and The Tangleglen Drive 2940 Trust by Capman, Inc., Trustee as Buyer; a Notice to Insurance Company signed by Allman; and a Letter of Agreement and Addendum between Capman, Inc. and Allman, acknowledging Allman was made aware that buyer was not assuming her mortgage and no promises had been made to her that the loan would be assumed or paid off. On the same day, Texas Home Options, LLC assigned the contract to Tangleglen Drive 2940 Trust. Allman paid $2,991.62 in closing costs.

For over two years, the arrangement worked well. Capman, Inc. leased the property and paid Allman's monthly mortgage payments until some time in 2006. In 2007, Allman received telephone calls and statements from Wilshire Credit regarding the unpaid balance of $27,126.59. Upon checking her credit report, Allman learned that Wilshire Credit had foreclosed on her property and a deficiency balance was reflected on her credit report. Allman sued Butcher individually for breach of contract and DTPA violations.

After a bench trial, the trial court entered a take nothing judgment in favor of Butcher, stating in findings of fact and conclusions of law that Allman failed to prove by a preponderance of the evidence each element of any cause of action pled, failed to prove she suffered damages as alleged in the petition, and failed to prove she suffered damages as argued during the course of the trial. This appeal followed.

## LEGAL AND FACTUAL SUFFICIENCY

In her first issue, Allman makes a matter of law challenge to the trial court's factual findings. In her second issue, Allman makes a factual sufficiency challenge to the trial court's factual findings. Allman contends the trial court erred in finding she failed to meet her burden of proof because "the facts in the record conclusively establish all material facts necessary to prove Appellant's allegations set forth in her Original Petition, for breach of contract and a deceptive or unconscionable trade practice causing economic damages."

Allman's briefs discuss both her breach of contract claim and the DTPA claim. However, during oral argument to this Court, Allman's counsel informed the Court that Allman was not appealing the trial court's findings with respect to her DTPA claims. Accordingly, we limit our review to the trial court's findings as to Allman's breach of contract claim.

## STANDARD OF REVIEW

When a party challenges the legal sufficiency of an adverse ruling on an issue on which that party had the burden of proof, the party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001); *Phan v. Addison Spectrum, L.P.,* 244 S.W.3d 892, 897 (Tex.App.-Dallas 2008, no pet.); *Rowlett/2000, Ltd. v. City of Rowlett,* 231 S.W.3d 587, 590 (Tex. App.-Dallas 2007, no pet.). In reviewing a "matter of law" challenge, we first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem.,* 46 S.W.3d at 241; *Phan,* 244 S.W.3d at 898. If there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem.,* 46 S.W.3d at 241. We find error only if the contrary proposition is conclusively established. *Id.; Phan,* 244 S.W.3d at 898. Here, Allman had the burden of proof on her breach

of contract claim. Therefore, we consider and weigh all the evidence and set aside the trial court's findings only if the evidence supporting such findings is so weak or so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Phan,* 244 S.W.3d at 898.

Allman also attacks the factual sufficiency of the trial court's findings. When seeking review of the factual sufficiency of the evidence supporting an adverse finding on which the party had the burden of proof, the appellant must show that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.,* 46 S.W.3d at 242; *Rowlett/2000,* 231 S.W.3d at 590. The reviewing court must consider and weigh all the evidence and may set aside a finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

In a bench trial, the trial court judges the credibility of the witnesses, determines the weight to be given their testimony, and resolves conflicts and inconsistencies in the testimony. *Sw. Bell Media, Inc. v. Lyles,* 825 S.W.2d 488, 493 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex.App.-Dallas 1986, writ ref'd n.r.e). An appellate court may not substitute its judgment for that of the trier of fact, even though, after reviewing the evidence, it may have reached a different conclusion. *Essex Crane Rental Corp. v. Striland Constr. Co., Inc.,* 753 S.W.2d 751, 755 (Tex.App.-Dallas 1988, writ denied). The amount of evidence necessary to affirm a judgment is far less than necessary to reverse a judgment. *Rowlett/2000,* 231 S.W.3d at 590; *Hakemy Bros., Ltd., v. State Bank and Trust Co.,* 189 S.W.3d 920, 926 (Tex.App.-Dallas 2006, pet. denied).

## APPLICABLE LAW

Allman sued Butcher for breach of contract. To prove a claim for breach of contract, Allman must establish: (1) a valid contract, (2) Allman performed or tendered performance, (3) Butcher breached the contract, and (4) Allman was damaged as a result of Butcher's breach. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n,* 205 S.W.3d 46, 55 (Tex.App.-Dallas 2006, pet. denied). A breach of contract occurred if Butcher failed to perform an act she expressly or impliedly promised to perform. *Id.*

## DISCUSSION

In her first issue, Allman argues there is no evidence to support the trial court's findings that Allman failed to establish each element of her breach of contract claim. Allman claims that according to her interpretation of the contract, Butcher promised that her mortgages would be paid off. Allman asserts that consideration for Butcher's alleged promise was the $2,991.62 payment Allman made at closing. Allman argues Butcher breached the contract by allowing the property to go into foreclosure, causing Allman to suffer damages (the unpaid mortgage balance reflected on her credit report).

The trial court heard testimony by Allman, Allman's counsel, and Butcher. Butcher testified that when Allman contacted Texas Home Options, Butcher explained to Allman that although she was a licensed real estate agent, she was not Allman's real estate agent and did not represent her. Butcher also advised Allman to seek legal counsel if she had questions or did not understand the proposed transaction. Allman did not seek legal advice and testified at trial that she relied

on the expertise of her real estate agent, Jennifer Jones, as well as the company to which Butcher referred her.

At trial, Butcher explained that her company, Texas Home Options, LLC, looked for suitable properties to be introduced (and ultimately assigned) to a property management company, Capman, Inc., owned by her sister, Chris Butcher. Texas Home Options, LLC would buy a property and assign it to a trust. The trust would then be managed by Capman, Inc., as trustee. Capman, Inc. managed the properties, made the mortgage payments, and eventually sold the houses.

The parties agree that Allman and Texas Home Options, LLC entered into a One to Four Family Residential Contract (Resale). It is undisputed Butcher signed the contract "Texas Home Options, LLC, Kim Butcher, Member." Butcher testified that she signed the contract as an authorized representative of Texas Home Options, LLC, and not in her individual capacity. Nevertheless, Allman argues that Butcher individually, and not Texas Home Options, LLC, is liable for allegedly breaching the contract. Allman contends Butcher waived her right to assert she was not liable in the capacity in which she was sued, or that there was a defect of parties, because Butcher failed to file a verified pleading so stating. See TEX.R. CIV. P. 93 (Vernon Supp. 2010).

Allman also argues that Butcher is personally liable as a matter of law because she had an ethical obligation as a licensed real estate license broker or salesperson to refrain from making false promises. See 22 TEX. ADMIN. CODE § 535.145 (2000) ("The fact that a written contract between the parties to a real estate transaction does not recite a promise made by a real estate licensee to one of the parties . . . will not prevent the commission from determining that a false promise was made."). Accord-

ing to Allman, even if Butcher was not a party to the contract in her individual capacity, she is individually liable because she was a real estate licensee who made a false promise that Allman's mortgages would be paid off. Butcher admits that at the time the contract was signed, she had a real estate license. However, the record reflects that in her pleadings and at trial, Butcher consistently denied ever promising Allman that her mortgages would be paid off.

According to the terms of the contract, the purchase price for the house is the "existing mortgage balance." The contract also states: "[t]his offer is subject to existing mortgage staying in place." The contract does not expressly state that Allman's mortgages will be paid in full. As part of the transaction, Allman also signed a Letter of Agreement and Addendum between Capman, Inc. and Allman, acknowledging she was made aware that buyer was not assuming her mortgage and no promises had been made to her that the loan would be assumed or paid off. Allman testified that she understood the mortgages would still be in her name.

Allman asserts that consideration for Butcher's promise to pay off her mortgages was Allman's payment of $2,991.62 in closing costs. The parties agree Allman paid $2,991.62 in closing costs in accordance with the Seller's Settlement Statement. The parties dispute who received the payment. Allman made the payment by check; however, Allman did not produce a copy of her check at trial and could not remember to whom she had made her check payable. Butcher testified the payment was made to Capman, Inc., for disbursement in accordance with the Seller's Settlement Statement, and was not paid to Butcher or her company, Texas Home Options, LLC.

Allman testified that she received telephone calls from Wilshire Credit in 2007, asking about the unpaid balance due on the mortgage. Allman then began receiving statements from Wilshire Credit, reflecting an unpaid balance of $27,126.59, and showing no mortgage payments had been made that year. Allman testified that she did not take any action because she thought Texas Home Options was taking care of it. A short time later, Allman checked her credit report and discovered that Wilshire Credit had foreclosed on her property and a deficiency balance was reflected on her credit report.

At trial, Allman argued that the measure of her damages was based on the rule of foreseeability. She explained that although no deficiency judgment had been taken against her to date, the unpaid balance on her credit report was a debt owed, and was subject to being reduced to judgment. *See Mead v. Johnson Group, Inc.,* 615 S.W.2d 685, 688 (Tex.1981). Allman also argued she was entitled to recover damages for loss of credit or injury to credit reputation because the evidence sufficiently showed the loss was the natural, probable, and foreseeable result of Butcher's breach. *Id.* Butcher disputed Allman's damages because Allman did not introduce evidence that a deficiency judgment had been taken against her. Allman concedes no deficiency judgment has been taken, but asserts she provided sufficient evidence of her damages at trial by introducing into evidence an account statement showing the unpaid balance on her mortgage. At trial, Allman testified the unpaid balance was reflected on her credit report; however, Allman's credit report was not introduced as evidence. Allman and her counsel testified the house was sold after foreclosure; however, when questioned by the trial court, they did not know when the foreclosure or the foreclosure sale took

place. Allman did not introduce any evidence with respect to the foreclosure, the subsequent sale of the house, the purchase price of the house, or whether there was a deficiency.

To the extent there were conflicts between the testimony given by Allman and Butcher, it was the sole province of the trial judge as fact-finder to determine the credibility of each witness. *Hinkle v. Hinkle,* 223 S.W.3d 773, 778 (Tex. App.-Dallas 2007, no pet.). When presented with conflicting evidence, the trier of fact may believe one witness and disbelieve others. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). Simply put, the trial court believed Butcher and found that Allman failed to prove each element of her breach of contract claim. The trial court also found that Allman failed to prove by a preponderance of the evidence that she suffered damages as alleged in her petition or as argued during the course of the trial. After examining the record for evidence supporting the trial court's findings, we conclude there was sufficient evidence to support the trial court's findings on the elements of Allman's breach of contract claim. We also conclude there was sufficient evidence to support the trial court's findings that Allman failed to prove she suffered damages as alleged in the petition and argued during the trial. *Dow Chem.,* 46 S.W.3d at 241. We overrule Allman's first issue.

Allman's second issue attacks the factual sufficiency of the trial court's findings. When seeking review of the factual sufficiency of the evidence supporting an adverse finding on which the party had the burden of proof, the appellant must show that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242; *Rowlett/2000,* 231 S.W.3d at 590. Because we conclude there was sufficient evidence to support the trial

court's findings on the elements of All-man's breach of contract claim, we also conclude the findings are not so against the great weight and preponderance of the evidence that they are clearly wrong and unjust. *Id.* Thus, we overrule Allman's second issue.

## CONCLUSION

Having overruled Allman's first and second issues, we affirm the trial court's judgment.