**Affirmed and Opinion Filed May 26, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01603-CV

## IN THE INTEREST OF Z.M.C. AND R.B.C.

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-52980-2008**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Chief Justice Wright

This is an appeal from the trial court's August 23, 2013 Final Order in Suit Affecting the Parent-Child Relationship (the Order), which appoints the parents of the above-referenced children (Mother and Father) joint managing conservators of their two daughters. In this appeal, Mother contends: (1) the Order contains contradictory terms; (2) the trial court failed to make findings of fact and conclusions of law when requested; and (3) the testimony of an expert called by Father should be disregarded. We affirm the trial court's Order.

Mother and Father were divorced in 2009. Their Divorce Decree gave Father the right to designate the children's primary residence in Plano, Texas. In 2010, Mother filed a motion to modify, seeking the right to designate the children's primary residence. Father did not oppose the modification, and the parties operated under its terms for some time. The children lived with Mother in Dallas and visited their Father in Plano according to the original decree's terms.

Neither parent was ordered to make support payments under the original decree or Mother's proposed modification.[1]

In the summer of 2012, Father filed his Counterpetition to Modify Parent-Child Relationship, seeking to be named sole managing conservator of the children. He alleged that Mother had a history or pattern of child neglect directed against their daughters, and he asked the trial court to deny Mother access to them or to order that her visits with them be supervised. He also represented that the parties would enter into an agreement providing for payment of support for the children. Mother answered Father's counterpetition and urged her own countersuit for modification. Mirroring Father's pleading, Mother alleged that Father had a history or pattern of neglect against their daughters and sought to be named their sole managing conservator. Mother also sought the right to designate the children's primary residence and to obtain child support from Father. Both parents alleged their requested modification was in the best interest of their daughters.

The trial court referred the parties to mediation, and they came to an agreement on a summer visitation schedule. Their remaining issues were tried to the court. Both parents testified, as did Z.M.C.'s counselor, the children's paternal grandfather, and Mother's fiancé. In the end, the trial court signed its Order giving Father the exclusive right to designate the primary residence of the children and ordering Mother to make monthly child support payments.

Mother appeals and raises three issues. We review these issues under an abuse of discretion standard. *See, e.g., Agraz v. Carnley,* 143 S.W.3d 547, 553–54 (Tex. App.—Dallas 2004, no pet.) ("Most of the appealable issues in a family law case, including conservatorship

---

[1] The parties subsequently learned that the 2010 agreed modification was never signed by the trial judge and so was not legally enforceable.

and child support, are evaluated against an abuse of discretion standard."). Both parties appear pro se in this Court.

In her first issue, Mother contends the Order contains contradictory terms. She points to two express findings in the Order. The first states:

> The Court finds that the material allegations in the counter-petition to modify parent-child relationship are true and that the modification is in the best interest of the children.

Mother contrasts the above-quoted finding with this statement later in the Order:

> It has been represented to the court that there has been no pattern of child neglect or family violence by any party to this case within two years preceding the filing of this case or during the pendency of this case.

Mother points out that Father did allege in his counterpetition there was a pattern of child neglect by Mother. Therefore, she contends, both of these findings cannot be true. We disagree.

First, the evidence supports the latter finding: despite the fact that both Mother and Father pleaded a pattern of neglect, the record contains no evidence or argument supporting either pleading. At least by inference, then, it was represented to the court that no such pattern existed during the relevant time period. And as to the first-quoted finding, we stress the significance of the trial court's reference to *material* allegations. The court did not find that all of Father's allegations were true, only that the material allegations were true. An allegation is material if it has real importance or significant consequence to the dispute. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 1392 (1981). Because both parties alleged a pattern of negligence, but neither party argued or proved such a pattern at trial, the allegations were not material to the trial court's conclusions.

We conclude the Order's terms are not contradictory and do not reflect an abuse of discretion by the trial court. We overrule Mother's first issue.

In her second issue, Mother contends the trial court erred by failing to file findings of fact and conclusions of law pursuant to her request under rule 296. *See* TEX. R. CIV. P. 296. Mother filed her request on August 7, 2013, some two weeks before the trial court signed the Order on August 23, 2013.[2] *See id.* (request to be made within twenty days of judgment being signed). A premature request for findings of fact and conclusions of law is deemed to have been filed "on the date of but subsequent to the time of signing of the judgment." TEX. R. CIV. P. 306c. Mother's request, thus, was deemed filed on August 23, 2013, and the trial court's findings of fact and conclusions of law were to be filed on or before September 12, 2013. *See* TEX. R. CIV. P. 297 (court's filing to be made within twenty days after timely request is filed). The trial court did not meet that deadline, so Mother was required to file a notice of past due findings of fact and conclusions of law by September 23, 2013. *See id.* (notice to be filed and served within thirty days of original request).[3] But Mother did not file her notice until November 18, 2013, almost two months after her deadline. By failing to file her notice timely, Mother has waived any complaint concerning the trial court's failure to file findings of fact and conclusions of law. *See Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.). We overrule Mother's second issue.

In her third issue, Mother argues expert witness Dianne Pipkin's testimony was "knowingly not honest." Mother contends Pipkin gave inaccurate and inconsistent testimony, and she requests that "Pipkin's credibility be impeached/inadmissible and or statements be stricken from the record."

---

[2] Mother actually filed three requests for findings of fact and conclusions of law on August 7, 2013. The requests were made in accordance with section 153.258 of the family code, rule 296 of the rules of civil procedure, and section 154.130 of the family code. *See* TEX. FAM. CODE ANN. § 153.258 (West 2014); TEX. R. CIV. P. 296; TEX. FAM. CODE ANN. § 154.130 (West 2014). In this Court, Mother challenges only the failure to respond to her rule 296 request.

[3] Thirty days after August 23, 2013 was September 22, 2013, a Sunday. Accordingly, Mother's filing was due the court's next business day, which was Monday, September 23, 2013. TEX. R. CIV. P. 4.

Pipkin is Z.M.C.'s counselor; she testified she had met with all of the family members over time. She testified that, in her opinion, the children's primary residence should be Father's home:

> I think that because both children feel positive in his home, are able to be calm and comfortable in his home, and I have seen his willingness to negotiate, cooperate, work things out, as he makes decisions for the children.

Pipkin also opined as to the parents' cooperation with her advice in dealing with the children, especially Z.M.C.:

> I think [Father] has followed the advice extremely well. Both girls feel close to their dad; comfortable with their dad; at home in his home.

> I think [Mother] made some attempts to early on, and I could see a change in [Z.M.C.] in the first several weeks when her mom came to some sessions. Um, but I believe that fell by the wayside, and it is no longer true, in my opinion, that [Z.M.C.'s] feeling some progress in the relationship with her mother.

Mother did not object to Pipkin's testimony at trial, nor did she object to Pipkin's credentials as an expert or to the bases for her opinions; we question whether her complaints concerning Pipkin were preserved. However, even if these complaints were properly before us, we would have to conclude that Mother's charges of intentionally false testimony are supported by nothing more than her own speculation. Mother had ample opportunity to question Pipkin about her opinions and the facts underlying them. Mother's attorney conducted a lengthy cross examination of Pipkin and used that opportunity to point out the factual issues Mother raises on appeal, such as Pipkin's failure to communicate with Mother concerning Z.M.C.'s treatment and condition. But in this bench trial, the judge was the trier of fact, and she determined the credibility of each witness and the weight to give each witness's testimony. *See Allman v. Butcher*, 314 S.W.3d 671, 674 (Tex. App.—Dallas 2010, no pet.) ("In a bench trial, the trial court judges the credibility of the witnesses, determines the weight to be given their testimony, and resolves conflicts and inconsistencies in the testimony."). We may not substitute our

judgment for that of the trial court. *Id.* We conclude the trial court did not abuse its discretion by considering Pipkin's testimony, and we overrule Mother's third issue.

We have decided each of Mother's issues against her. Accordingly, we affirm the trial court's Order.

131603F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF Z.M.C. AND
R.B.C.

No. 05-13-01603-CV

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-52980-2008.
Opinion delivered by Chief Justice Wright.
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Stephen D. Crawford recover his costs of this appeal from
appellant Devyn M. Crawford.

Judgment entered May 26, 2015.