# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00016-CV

**William Cullen Champion, Appellant**

**v.**

**Marilyn Estlow, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-13-004166, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## O P I N I O N

This is a restricted appeal from a no-answer default judgment awarding damages in a negligence case. In two issues, the defendant and appellant, William Cullen Champion, contends that it is "apparent on the face of the record," as required for him to obtain relief through a restricted appeal, that venue—Travis County—was improper and that the trial court, consequently, erred in rendering the judgment. Because we conclude that there is no venue error "apparent on the face of the record," Champion cannot obtain relief from the judgment through his restricted appeal.

To prevail in his restricted appeal, Champion must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not "participate" in the hearing that resulted in the judgment he complains of, nor timely file any postjudgment motions or requests for findings of fact and

conclusions of law; and (4) error is "apparent on the face of the record."[1] Only the fourth

element—error "apparent on the face of the record"—is in question here. The "record" for these

purposes consists of all the papers before the trial court at the time the judgment was rendered; as

such, the scope of appellate review is the same as with an ordinary appeal.[2] But the standard of

appellate review is more restrictive than with an ordinary appeal (as suggested by the "restricted

appeal" moniker) in that the reviewing court does not draw any inferences or presumptions from the

record, but must look to the face of the record itself.[3] As the Texas Supreme Court has put it,

"a restricted appeal requires error that is *apparent*, not error that may be *inferred*."[4]

Champion argues that improper venue is "apparent from the face of the record." He

relies principally on the live petition filed by the plaintiff and appellee, Marilyn Estlow. In it, Estlow

alleges that on April 16, 2012, Champion "was operating a vehicle," "fell asleep," and crashed

into Estlow's home, causing damages. The focus of Champion's arguments is the location where

this incident occurred. Estlow pled that Champion had been driving "northbound on Sorrel Ct. in

Leander, Texas" and that her home is located at "1100 Sorrel Ct., Leander, Travis County, Texas."

---

[1] *See, e.g.*, *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 n.9 (Tex. 2004) (citing Tex. R. App. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam)); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 558-59 (Tex. App.—Austin 2004, no pet.).

[2] *See Petco Animal Supplies, Inc.*, 144 S.W.3d at 559 (citing *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).

[3] *See Alexander*, 134 S.W.3d at 849-50 (citing *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943-44 (Tex. 1991)).

[4] *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) (referring to absence of affirmative proof that party failed to receive notice of intent to dismiss for want of prosecution); *accord Alexander*, 134 S.W.3d at 849-50 ("[M]ere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address" and "is insufficient to establish reversible error in a restricted appeal proceeding.").

Estlow further alleged that Champion's residence is "1003 Moon Glow Dr., Leander, Texas 78641." Champion requests us to take judicial notice that all of these referenced locations are actually in Williamson County, not Travis. To similar effect, Champion emphasizes the return of service, in which the officer averred that Champion was served "at the address of 1003 MOON GLOW Drive, LEANDER, Williamson County, TX 78641." On these facts, Champion insists, there is no conceivable statutory basis or theory by which venue could have been proper in Travis County or anywhere other than in Williamson County.[5]

Assuming without deciding that Champion has established that, "on the face of the record," Estlow filed her suit in a county of improper venue, this would not in itself demonstrate *error* by virtue of improper venue in the judgment the trial court ultimately rendered. This is so because a defendant's objections to a plaintiff's choice of venue can be waived—indeed, the Rules of Civil Procedure explicitly provide that "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with" all other defensive pleadings other than a special appearance[6]—and the face of the record does not reveal any indication that Champion properly preserved his venue objection this way. Such formalities aside, a defendant is free to consent or acquiesce to venue in a particular county,[7] as Champion acknowledged during oral argument. The record, without more, is equally consistent with Champion's having opted simply

---

[5] *See* Tex. Civ. Prac. & Rem. Code § 15.002(a) ("[A]ll lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; . . . or (4) [otherwise] in the county in which the plaintiff resided at the time of the accrual of the cause of action.").

[6] Tex. R. Civ. P. 86(1).

[7] *See id*.

to acquiesce to the Travis County venue as it is to his having any objection to that venue. "The absence of proof from the face of the record either way," as the Texas Supreme Court has emphasized, is "an absence of proof of error" that can support a restricted appeal.[8]

Champion ultimately suggests that this conclusion permits an inequitable and nonsensical catch-22 for defendants in the context of a no-answer default judgment, which by definition is characterized by a defendant's failure or inability to respond to a lawsuit. While having some initial intuitive appeal, Champion's logic ultimately fails in the absence of any challenge to the default judgment based on lack of notice, lack of personal jurisdiction, or perhaps some defect in service. As he forthrightly acknowledges, Champion does not dispute that he was properly served with process and a copy of Estlow's petition, yet failed to file any responsive pleading.[9] Without more, there is no venue error that is apparent on the face of the record, nor any basis for permitting him to raise such error now, and Champion is not entitled to relief.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: February 4, 2015

_____

[8] *Alexander*, 134 S.W.3d at 849-50 (citing *General Elec. Co.*, 811 S.W.2d at 943-44).

[9] Similarly, while Champion alludes to possible errors or omissions by others that may have contributed to the default judgment being taken against him, he has not sought any relief on that basis in this proceeding.