**AFFIRMED in part; REVERSE and REMAND and Opinion Filed February 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00095-CV**

**CLAUDE SHORT, Appellant**
**V.**
**JACQUELINE SHORT, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-18211**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

In this restricted appeal, Claude Short challenges the sufficiency of the evidence to support the property division set out in the final decree of divorce. For reasons set out below, we reverse the divorce decree only as to the division of property and remand the cause to the trial court for further proceedings on that issue.

Claude and Jacqueline Short had been married for twenty-five years when Jacqueline filed for divorce. Claude was served with process but did not file an answer. According to the final decree of divorce, the case was heard on November

1

5, 2020, and Jacqueline appeared in person with her attorney and announced ready for trial. Claude was not present and "wholly made default." The decree was interlineated to strike that the "record of testimony was duly reported by the court reporter" and replaced with the "record of testimony was waived by the parties with the consent of the District Court."

In the decree, the trial court granted the divorce and, among other things, found the following was a "just and right division" of the parties' marital estate. The court awarded Jacqueline all of her retirement accounts, half of Claude's retirement accounts, a 2019 Chevrolet Tahoe, the parties' house and all contents and furnishings, her military identification and insurance, and all property in her possession. Claude received half of his retirement, the vehicle in his possession, the business known as Cisco Trucking and all debts associated with it, and all property in his possession. Five months later, Claude filed this restricted appeal challenging the property division.

To prevail on a restricted appeal, an appellant must demonstrate that (1) the notice of appeal was filed within six months of the date or the judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a postjudgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the face of the record consists

–2–

of all the papers before the trial court at the time judgment was rendered; as such, the scope of appeal is the same as with any ordinary appeal. *Champion v. Estlow*, 456 S.W.3d 363, 364 (Tex. App.—Austin 2015, pet. denied). But the standard of appellate review is more restrictive than with an ordinary appeal in that the reviewing court does not draw any inferences or presumptions from the record, but must look to the face of the record itself. *Id*. Here, the issue is whether there is error apparent on the face of the record.

Claude asserts there is no evidence to support a just and right property division of the marital estate. After considering the face of the record, we agree.

As a general rule, when a defendant fails to answer, as here, no evidence is required to support a default judgment because that failure to answer is taken as an admission of the factual allegations in a plaintiff's petition. *See Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.). However, that general rule is limited in a divorce case. In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701. Thus, if a respondent in a divorce case fails to answer or appear, the petitioner must still present evidence to support the material allegations in the petition. *Vazquez v. Vazquez*, 292 S.W.3d 80, 83–84 (Tex. App.—Houston [14th Dist.] 2007, no pet). In her petition for divorce, Jacqueline requested the court (if the parties did not reach an agreement) to divide their estate in a manner that was "just and right, as provided

by law" and award her a disproportionate share due to Claude's fault in the breakup of the marriage.

Section 7.001 of the family code requires the trial court to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. TEX. FAM. CODE ANN. § 7.001. Each spouse has the burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The division of a community estate need not be equal; there must only be a reasonable basis for the division. *Id*.

Here, the decree shows that an in-person hearing was conducted, but the record of testimony was waived "by the parties" with the trial court's consent. Moreover, a statement from the court reporter to this Court confirms that no reporter's record was made. Claude was neither present nor represented by counsel at the hearing; therefore, the making of a record could not be waived as to Claude. Because the family code does not allow the petition to be taken as confessed if the respondent does not file an answer, this case is akin to a post-answer default judgment where the plaintiff is required to offer evidence and prove its case. In such a case, the failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. If the plaintiff offers evidence in the absence of the defendant or her attorney, the failure to have the court reporter

–4–

present to make a record constitutes reversible error. *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 846 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The error is not harmless because, without a reporter's record, the reviewing court is unable to determine if sufficient evidence was submitted to support the judgment. *Id.*

Here, there is no reporter's record from the hearing indicating whether the trial court made a property division based upon pleadings or upon sufficient evidence submitted at trial. In reaching this conclusion, we acknowledge that Claude has focused his argument on the insufficiency of an affidavit that had been filed with the trial court clerk. As Jacqueline has pointed out, the affidavit is attached only to his brief and is not part of our record on appeal. *Roa v. City of Denison*, No. 05-15-01594-CV, 2015 WL 1213244, at *1 (Tex. App.—Dallas 2015, no pet.). She does not argue that the affidavit supports the property division; rather, she asks that we do not consider it, we waive Claude's complaint for failing to "bring forward the record," and we presume the court had sufficient evidence. But, as previously noted, the face of the record here shows that no reporter's record was made of the hearing, and the trial court could not rely on the pleadings.[1]

---

[1] We note that if the affidavit was properly before us and we considered it in our review, we would agree that the affidavit is insufficient on its face to support the division of property in this case. In the affidavit, Jacqueline asserted only that the decree contained the "property settlement requested by me" and that it was "fair and equitable." *See Chapa v. Chapa*, No. 04-17-00345-CV, 2018 WL 1934240, at *2 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.) (reversing default divorce judgment in restricted appeal because no evidence in record supported conclusion that division was "just and right"); *O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.) (same).

Claude also asserts that the trial court erred if it found there was a property settlement agreement between the parties. In the decree, the trial court found that the parties had "entered a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance." But as Jacqueline concedes, Claude did not sign the decree and therefore did not approve "its form and substance." Rather, as she agrees, Claude was "wholly in default" and made no appearance at the final hearing. Accordingly, the property division could not be based on any settlement agreement. We sustain Claude's issues.

We reverse the trial court's final decree of divorce only with respect to the trial court's division of property and remand for further proceedings on that issue. We affirm that portion of the decree granting the parties a divorce.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210095F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLAUDE SHORT, Appellant

No. 05-21-00095-CV      V.

JACQUELINE SHORT, Appellee

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-19-18211.
Opinion delivered by Justice Reichek; Justices Partida-Kipness and Goldstein participating.

In accordance with this Court's opinion of this date, the final decree of divorce is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the final decree of divorce that divides the community estate. We **AFFIRM** that portion of the decree granting the parties a divorce. We **REMAND** this cause to the trial court for further proceedings regarding the property division consistent with the opinion.

It is **ORDERED** that appellant CLAUDE SHORT recover his costs of this appeal from appellee JACQUELINE SHORT.

Judgment entered this 10th day of February 2022.