# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00457-CV

---

**AVS Builders, LLC, Appellant**

**v.**

**Roger Galpin and James Sharp, Appellees**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004273, THE HONORABLE CLEVE WESTON DOTY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

By this restricted appeal, AVS Builders, LLC challenges the default judgment rendered against it and Armando Vela in favor of appellees Roger Galpin and James Sharp (the homeowners) on their claims for breach of contract. AVS contends that the trial court erred by finding that AVS breached a contract with appellees, by misidentifying Vela and AVS in the default judgment, by granting judgment against AVS when AVS did not exist at the time of the events supporting the contract and suit, and by assessing attorney's fees against AVS. We will reverse the judgment and remand the cause.

## RESTRICTED APPEALS

To prevail in its restricted appeal, AVS must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not "participate" in the hearing that resulted in the judgment it

complains of, nor timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is "apparent on the face of the record." *Champion v. Estlow*, 456 S.W.3d 363, 364 (Tex. App.—Austin 2015, pet. denied) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 n.9 (Tex. 2004)); *see also* Tex. R. App. P. 26.1(c). The post-judgment application to stay execution on the judgment was not timely to attack the judgment or to extend the time to file a notice of appeal. Only the fourth element—whether error is apparent on the face of the record—is in question here. The record consists of all the papers before the trial court at the time the judgment was rendered; as such, the scope of appellate review is the same as with an ordinary appeal. *Champion*, 456 S.W.3d at 364. Unlike with an ordinary appeal, we cannot draw any inferences or presumptions from the record and must look to the face of the record itself. *Id.* In a restricted appeal of a default judgment, "all allegations set forth in the petition are typically deemed admitted except the amount of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

However, attachments to a petition that conflict with allegations in a petition may support reversal of a default judgment. For example, where an agreement attached to a petition differed from the agreement described in the petition, the exhibit governed, and the pleadings were held not to support a default judgment. *Cecil v. Hydorn*, 725 S.W.2d 781, 782 (Tex. App.—San Antonio 1987, no writ) (petition alleged employment agreement, but attached exhibit did not mention defendant or contain her signature). Where invoices attached to a petition showed accounts due from a business entity and not an individual, and the petition did not otherwise allege or disclose a relationship between the entity and the individual, the petition did not support the default judgment. *Hancock v. O.K. Rental Equip. Co.*, 441 S.W.2d 955, 956 (Tex. App.—San Antonio 1969, no writ).

2

## BACKGROUND[1]

The homeowners entered a contract to have a house built. The contract, dated November 5, 2018, lists the contractor as "Armando Vela (AVS Builders)." As the build progressed, the parties had discussions and made some changes and other decisions about the process. In August 2019, "Defendants"[2] began building a retaining wall. Beginning in September, the homeowners noticed cracks in the retaining wall. By February 2020, the homeowners noted that the retaining wall had "slipped 4 inches, and had sunk 3 to 4 inches on the right side and that footers on that side as well as the sod had subsided, resulting in a 3 to 4 inch drop of the deck." The homeowners and Vela met with an engineer to discuss the retaining wall's defects, and the homeowners undertook mitigation steps but had not begun permanent repairs suggested by the engineer. "Defendants" had not repaired the defects despite requests.

The homeowners filed suit on August 18, 2020. The style of their petition lists "ARMANDO VELA, individually and d/b/a AVS BUILDERS, LLC, Defendants." The first paragraph complains of "ARMANDO VELA, individually and d/b/a AVS BUILDERS (hereinafter 'Defendants')." The parties and service section of the petition lists Vela as an individual who can be served with process in Conroe and in a separate paragraph states that "Defendant AVS Builders, LLC is a Texas LLC" that can be serviced with process through its registered agent in Austin. The petition asserts various actions by "Defendants," "Defendant," and "Vela." The homeowners assert causes of action against undifferentiated "Defendants" for deceptive trade practices, negligence, breach of contract, and breach of common-law warranties.

---

[1] The background facts are drawn from the allegations in the petition that are deemed admitted. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

[2] The petition uses the term "Defendants." The lack of clarity on who the defendants are is central to this appeal as explained below.

3

They seek economic damages, damages for mental anguish, multiple damages, exemplary damages, and attorney's fees.

After a brief hearing at which no defendant appeared, the trial court granted the homeowners' motion for default judgment. The judgment recites that there was proper service on "Defendants AVS Builders, LLC" and Vela. Finding proper service and no answer by the defendants, the court granted default judgment in favor of the homeowners on all issues of liability with respect to all causes of action pled against Defendants, jointly and severally. The court then awarded damages as follows:

> A judgment is granted against AVS Builders, LLC in favor of Plaintiffs in the amount of $205,261.72; comprised of $197,271.76 in actual damages; $7,350.00 in attorney's fees, and $639.96 in costs; with post judgment interest on that principal amount at the rate of 5.0% per annum from the date of judgment until fully and finally paid, **for Defendant AVS Builders, LLC's breach of contract.**

(Emphasis added.) The court then set out the same award against Vela before stating that "all relief not expressly granted herein is hereby denied. This is a final judgment."

**DISCUSSION**

AVS Builders, LLC (the LLC) contends by its first issue that the trial court erred by finding it in breach of contract because it was not party to the contract. Despite being listed as Vela's "dba" in the style of the petition, the LLC is named in the main text as a defendant alongside Vela. The petition contains allegations that "Defendants" entered the contract attached as Exhibit A to the petition and breached it, damaging the homeowners. But the contract attached as Exhibit A to the petition lists as the contractor "Armando Vela (AVS Builders)." It does not name the LLC. Vela signed the contract without stating a representative capacity for

4

the LLC. It is a "well-established legal principle" that limited liability companies and their obligations are legally distinct from their members and managers. *Rieder v. Woods*, 603 S.W.3d 86, 98 (Tex. 2020). Because the contract attached to the petition does not show that the LLC is party to the contract sued upon, it does not support the default judgment against the LLC.[3] The petition and documents in the record do not, however, prove as a matter of law that the LLC did not form and breach a contract with the homeowners; accordingly, we decline the LLC's request that we render a take-nothing judgment on this claim. The appropriate remedy is reversal and remand of the cause. *See Hancock*, 441 S.W.2d at 956. We sustain issue one only to the extent of reversal and remand of this cause.

The LLC contends by its fourth issue that the trial court erred by awarding attorney's fees to the homeowners. The only damages awarded were based on breach of contract. Attorney's fees are recoverable on a breach-of-contract claim "in addition to the amount of a valid claim and costs." Tex. Civ. Prac. & Rem. Code § 38.001(b). As we are reversing the award of the "valid claim and costs," we must also reverse and remand the award of attorney's fees. We sustain issue four only to the extent of reversal and remand of this cause.

The only remaining issues do not allow for a different resolution. Sustaining the LLC's second issue, in which it urges that the trial court misidentified Vela as the LLC in the judgment, would not result in rendition of judgment in the LLC's favor. Nor do we find any basis on which to affirm the judgment on the homeowners' remaining claims for relief. Though

---

[3] By its third issue, the LLC argues that it could not be party to the contract because it was not formed until July 2020. However, in reviewing a restricted appeal, we must look only to the evidence that was before the trial court when it rendered judgment. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848-49 (Tex. 2004). Because the evidence concerning the date of the LLC's formation was not filed until an application was made seeking injunctive relief against execution on the judgment, that evidence was not before the trial court when it rendered the default judgment and is outside the scope of our review. We overrule the LLC's third issue.

the trial court found liability by the LLC on all claims, it granted damages expressly only "for Defendant AVS Builders, LLC's breach of contract" and denied all relief not expressly granted. In so doing, the trial court denied all claims for damages on the homeowners' remaining claims. Thus, there is no alternative basis in the final judgment favoring the homeowners on which we can consider affirming.

Accordingly, we reverse the judgment and remand this cause for further proceedings.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Reversed and Remanded

Filed:   August 9, 2023