**Affirm in part and Reverse in part and Opinion Filed March 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00563-CV

## IN THE INTEREST OF O.A.L. AND R.L., MINOR CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-11690**

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

In this restricted appeal, Cirilo Lopez challenges the sufficiency of the evidence to support the terms set out in the final decree of divorce. For the reasons set out below, we reverse and remand in part and affirm in part.

## I. BACKGROUND[1]

Alejandrina and Cirilo Lopez were married on January 26, 2001. The parties had two children during the marriage, O.A.L. and R.L. Alejandrina filed for divorce from Cirilo Lopez on July 16, 2021. She served him with her amended petition for

---

[1] Because Alejandrina did not file a brief controverting the facts as alleged by Cirilo, we take as true the facts as put forth in Cirilo's brief. *See* TEX. R. APP. P. 38.1(g).

divorce on October 23, 2021. According to Cirilo, despite secretly continuing to pursue her suit for divorce, Alejandrina assured Cirilo she was going to nonsuit the divorce proceeding. Alejandrina told Cirilo and other family members at a Thanksgiving dinner in November 2021 that Cirilo did not need to do anything with regard to the divorce action because the case had been closed. The two continued to live together during this time and Alejandrina took steps to prevent Cirilo from receiving his mail related to the divorce proceedings. Relying on Alejandrina's misrepresentations, Cirilo did not file an answer or otherwise participate in the divorce proceeding.

Alejandrina obtained a default judgment against Cirilo, and the trial court signed a final decree of divorce on December 28, 2021. No transcript of the default judgment hearing was made. Cirilo did not learn about the divorce decree until February 2022 when Alejandrina filled out Medicaid renewal forms for the children's health insurance and needed to disclose information regarding the court's order of child support. Cirilo filed a bill of review in March 2022 and a notice of restricted appeal on June 2, 2022. In a memorandum ruling, the trial court stated:

> No notice of default judgment sent. Respondent received actual notice of j/t more than 20 days after it was signed. Date of notice fixed at March 28, 2022. Bill of Review heard as Motion for New Trial and granted.

> Additionally, the court finds that the evidence doesn't support judgment of just and right division and default judgment entered by mistake. Judgment set aside.

–2–

Alejandrina then filed petitions for writ of mandamus to this Court contending the trial court abused its discretion by granting the bill of review, setting aside the divorce decree, and ordering a new trial. She further argued that the order granting a new trial was void and that she did not need to demonstrate inadequate remedy by appeal. By order issued November 29, 2022, this Court conditionally granted Alejandrina's petitions for writ of mandamus and ordered the trial court to vacate its June 6, 2022 order granting a new trial and setting aside the final decree of divorce. This Court further ordered the trial court to reinstate the December 28, 2021 final decree of divorce. [2]

This Court then permitted Cirilo to proceed with this restricted appeal by order dated December 21, 2022. Cirilo argues in a single issue that the no-answer default divorce decree cannot stand because there was no evidence to support the terms and orders in the decree. Alejandrina did not file a reply brief.

## II.    RESTRICTED APPEAL

To prevail on a restricted appeal, an appellant must demonstrate that (1) the notice of appeal was filed within six months of the date of the judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a postjudgment motion or request

---

[2] *See In re Lopez*, Nos. 05-22-00793-CV; 05-22-00794-CV, 2022 WL 17261156 (Tex. App.—Dallas Nov. 29, 2022, no pet.).

for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the face of the record consists of all the papers before the trial court at the time judgment was rendered; as such, the scope of appeal is the same as with any ordinary appeal. *Short v. Short*, No. 05-21-00095-CV, 2022 WL 405821, at *1 (Tex. App.—Dallas Feb. 10, 2022, no pet.) (mem. op.) (citing *Champion v. Estlow*, 456 S.W.3d 363, 364 (Tex. App.—Austin 2015, pet. denied)). But the standard of appellate review is more restrictive than with an ordinary appeal in that the reviewing court does not draw any inferences or presumptions from the record, but must look to the face of the record itself. *Id.*

Before we can consider whether error was apparent on the face of the record, we must determine whether the first three elements apply to this appeal. The default divorce decree was signed by the trial court on December 28, 2021. Cirilo filed a notice of appeal on June 2, 2022, within six months after the judgment was rendered. See TEX. R. APP. P. 26.1(c). Obviously, Cirilo was a named party to the suit. Neither Cirilo nor his lawyer were present during the default judgment hearing. Cirilo did not file a post-judgment motion, request for proposed findings of fact and conclusions of law, or a notice of appeal from the divorce decree signed by the judge within thirty days of its entry. See TEX. R. APP. P. 30. Accordingly, we find Cirilo satisfies the first three requirements of a restricted appeal.

### III.   NO-EVIDENCE CHALLENGE

In his sole issue, Cirilo argues that the error "apparent on the face of the record" is that there was no evidence to support the terms and orders in the decree.

**A.   Standard of Review**

In reviewing a no-evidence point of error, we consider only the evidence and inferences tending to support the trial court's finding and disregard all contrary evidence and inferences; anything more than a scintilla of evidence is legally sufficient to support the finding. *See Wal–Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003); *Barry v. Barry*, 193 S.W.3d 72, 75 (Tex. App.-Houston [1st Dist.] 2006 no pet.) (applying standard to a restricted appeal from a default divorce decree).

**B.   Applicable Law**

As a general rule, when a defendant fails to answer, as here, no evidence is required to support a default judgment because that failure to answer is taken as an admission of the factual allegations in a plaintiff's petition. *See Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.). However, in a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701. Even if a respondent in a divorce case fails to answer or appear, the petitioner must still present evidence to support the material allegations in the petition. *Short*, 2022 WL 405821, at *1 (citing *Vazquez v. Vazquez*,

292 S.W.3d 80, 83–84 (Tex. App.—Houston [14th Dist.] 2007, no pet)). Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal. *See id.* Accordingly, Alejandrina was obligated to present evidence at trial supporting the material allegations in her petition.

**C.    Discussion**

Cirilo's objections to the absence of evidence can be separated into three categories: (1) conservatorship rights; (2) property division; and (3) child support and insurance.

***1. Conservatorship Rights***

Cirilo contends there is no evidence to support the conservatorship rights granted to Alejandrina. In determining conservatorship issues, the trial court primarily considers the best interest of the child. TEX. FAM. CODE ANN. § 153.002. The trial court has wide latitude in determining best interests of the minor children. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Factors which may be considered in deciding what is in the best interest of the children include: (1) desires of the children; (2) emotional and physical needs of the children now and in the future; (3) emotional and physical danger to the children now and in the future; (4) parental abilities of the individuals involved; (5) programs available to those individuals to promote the best interest of the children; (6) plans for the children by these individuals; (7) stability of the home; (8) acts or omissions of the parent which

may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the acts or omission of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

Here, there is no evidence regarding any of these factors or any other evidence from which the trial court could determine the best interests of the children. Alejandrina's affidavit contains only the statement that "[t]he proposed decree of divorce contained a parenting plan and the parenting plan is in the best interest of the child [sic]." This statement is conclusory and is not competent to determine the best interests of the children. *See Vasquez,* 292 S.W.3d at 85 (holding that mother's conclusory statement that the parenting plan was in the best interest of the child was insufficient to support the divorce decree). Accordingly, we find the evidence is insufficient to support the trial court's determination of the specific rights of each parent as a joint managing conservator. *See id.* Cirilo's no-evidence point is sustained as to the portions of the divorce decree relating to conservatorship rights.

## 2. *Property Division*

Cirilo next contends the evidence is insufficient to support a just and right property division of the marital estate. Alejandrina's affidavit was limited to the mere fact that the proposed final decree contained the division of property and debts, and she thought it was just and right. She did not testify regarding the basis for her opinion that the proposed division was just and right, and the record does not reflect

any specific evidence regarding the nature or value of the property or debts. Therefore, Alejandrina's testimony is insufficient. *See Barry*, 193 S.W.3d at 75 (finding testimony insufficient where appellee only testified that she requested the division of property as it was given, without testifying how it was a just and right division); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.-Houston [1st Dist.] 2004, no pet.) (holding that "given the dearth of evidence identifying, describing, and valuing the community estate ... there is insufficient evidence to support the division of the community estate"). Accordingly, we sustain Cirilo's no-evidence point as to the portions of the divorce decree relating to the division of marital property.

## 3. *Child Support and Insurance*

Cirilo contends the evidence is insufficient to support the amount of his monthly child support obligation, or the requirement that he maintain health insurance for the children.

We need not consider Cirilo's challenge to the sufficiency of the evidence because based on our holding that insufficient evidence supports the division of the marital estate, we remand the child support determination, including the health insurance obligations, to the trial court because such a claim may be "materially influenced" by the property division. *See Wilson*, 132 S.W.3d at 539 (remanding child support determination and property division in a restricted appeal because child

support determination can be "materially influenced" by the property division). Accordingly, we sustain Cirilo's no-evidence challenge with regard to portions of the divorce relating to child support and insurance.

## IV. CONCLUSION

We reverse the portions of the trial court's judgment addressing conservatorship rights, division of the marital estate, and calculation of child support and insurance. We affirm the judgment in all other respects, including the portion of the judgment granting the parties a divorce. *See Short*, 2022 WL 405821, at *3 (affirming divorce of the parties while reversing remainder of divorce decree for insufficient evidence).

/Bill Pedersen, III//

220563f.p05

BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF O.A.L.
AND R.L., MINOR CHILDREN

No. 05-22-00563-CV

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-11690.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** those portions of the trial court's judgment dealing with conservatorship, division of marital property, and child support and insurance. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Cirilo Lopez recover his costs of this appeal from appellee Alejandrina Lopez.

Judgment entered this 4th day of March, 2024.